**UNITED STATES of America,**
**Appellee,**

v.

**Grady THOMAS, Ramse Thomas, and Jason Thomas, Defendants–Appellants.**

**Docket Nos. 98–1051, 98–1052, 98–1116.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 31, 2000

Decided: Feb. 14, 2000

---

**382**

Steven A. Feldman, Feldman and Feldman, Roslyn, NY, for Defendant–Appellant Grady Thomas.

Michael Young, New York, NY, for Defendant–Appellant Jason Thomas.

L. John Van Norden, Schenectady, NY, for Defendant–Appellant Ramse Thomas.

Barbara D. Cottrell and Richard S. Hartunian, Assistant United States Attorneys, Northern District of New York, Albany, N.Y. (Daniel J. French, United States Attorney, Northern District of New York), for Appellee.

Before: CABRANES and POOLER, Circuit Judges, and CARMAN, Judge.[*]

**PER CURIAM.**

Defendants-appellants Grady Thomas, Jason Thomas, and Ramse Thomas appeal from judgments of conviction and sentences entered in January 1998 by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Chief Judge*) following a two-week jury (re)trial[1] in October 1998. The superseding indictment filed on October 14, 1994 charged the defendants with, *inter alia,* conspiring "to possess with intent to distribute and to distribute a quantity of cocaine, a Schedule II controlled substance and a quantity of cocaine base, also known as 'crack' cocaine," and with distributing "a quantity of cocaine." The indictment did not specifically allege the quantity of cocaine involved in any of the counts.

The jury convicted defendants of conspiring to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846,[2] and with possession with intent to distribute cocaine and cocaine base and distribution thereof, in violation of 21 U.S.C. § 841(a)(1).[3] The District Court sentenced Jason Thomas to 170 months' imprisonment and 8 years of supervised release, based on a finding that he had possessed, distributed, and conspired with respect to 2.073 kilograms of cocaine.[4] The Court sentenced Ramse Thomas to 292 months' imprisonment and 5 years of supervised release, based on a finding that Ramse had trafficked in over 1.2 kilograms of "crack" cocaine. Grady Thomas was sentenced to 168 months' imprisonment and 5 years of supervised release, based on similar calculations.

---

[*] The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

1. Defendants were convicted of the same charges at issue here on February 27, 1995; however, those convictions were vacated and the case remanded for retrial by this Court on August 21, 1997, based on the trial court's improper dismissal of a juror. *United States v. Thomas,* 116 F.3d 606 (2d Cir.1997).

2. 21 U.S.C. § 846 provides that "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

3. 21 U.S.C. § 841(a)(1) provides:

    (a) Unlawful acts
    Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

4. *See* U.S.S.G. § 2D1.1(c) (listing a "Drug Quantity Table" that prescribes different starting offense levels, based on the quantity of drugs involved, for crimes proscribed under §§ 841 and 846).

Defendants raise numerous challenges in connection with their convictions and sentences. We address here only the claim that the United States Supreme Court's recent decision in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) mandates reversal of their convictions because the quantity of cocaine in which they trafficked is an issue of fact that increases the maximum penalty for their crimes, and therefore must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt.[5]

## I.

It has been the settled law of this and other Circuits that in crimes charged under 21 U.S.C. § 841, the quantity of the drug involved is not an element of the offense to be determined by the jury beyond a reasonable doubt. *See, e.g., United States v. Monk*, 15 F.3d 25, 27 (2d Cir. 1994); *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.1990); *United States v. Reyes*, 40 F.3d 1148, 1150 (10th Cir. 1994), *abrogated on other grounds, United States v. Santos*, 195 F.3d 549 (10th Cir. 1999); *United States v. Lam Kwong–Wah*, 966 F.2d 682, 685 (D.C.Cir.1992); *United States v. Perez*, 960 F.2d 1569, 1574–76 (11th Cir.1992). Rather, "quantity relates solely to sentencing," *United States v. Madkour*, 930 F.2d 234, 237 (2d Cir.1991), and as such, is considered a factor to be determined by the sentencing court. *See, e.g., Campuzano*, 905 F.2d at 680; *Lam Kwong–Wah*, 966 F.2d at 685.

Defendants contend that the Supreme Court's recent decision in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) eviscerates this settled law and imposes a categorical new rule mandating that any fact that increases the maximum penalty for an offense must be charged in the indictment and proved to a jury beyond a reasonable doubt. *Jones*

involved a carjacking statute, 18 U.S.C. § 2119, that establishes higher penalties to be imposed when the offense results in serious bodily injury or death. Interpreting that statute, the Supreme Court held that the facts of serious bodily injury or death constituted elements of the offense, rather than mere sentencing factors, and therefore had to be charged in the indictment and proved to the jury beyond a reasonable doubt. *Jones*, 119 S.Ct. at 1228. In reaching this conclusion, the Court examined the wording of the statute, comparable federal and state statutes, and the statute's legislative history. *See id.* at 1219–22. The Court found these to be inconclusive, but determined that the fairest construction of § 2119 was one that treated serious bodily harm as an element, rather than merely an enhancement, of the offense. *Id.* at 1222. This was particularly so, the Court noted, because an alternative construction might implicate serious constitutional concerns, in that prior cases suggested that

> under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Id.* at 1224 n. 6. Defendants rely on this broad language to argue that *all* facts (other than recidivism) that increase a defendant's sentence, including the quantity of drugs involved, must be charged in the indictment and found by a jury beyond a reasonable doubt. We disagree. Taken in context, this language is far more opaque than defendants suggest. In our view, the only unequivocal holding established by the *Jones* decision is that the penalty-enhancing facts at issue—namely, the existence of serious bodily injury or death—are *statutory elements* of the charged car-

---

**5.** Defendants' other claims are addressed in a summary order filed simultaneously herewith.

*See United States v. Thomas*, 204 F.3d 381 (2d Cir.2000).

jacking offense, rather than mere sentencing factors. *Id.* at 1228. For while the above-quoted language from the Court's footnote 6 might, if read in a vacuum, support the imposition of a broad rule requiring that all penalty-enhancing facts—even those that are not elements of the offense in question—be charged in the indictment and proved to the jury, the *Jones* Court expressly disavows such a reading by explaining that its ruling "does *not* announce any new principle of constitutional law, but merely interprets *a particular federal statute* in light of a set of [emerging] constitutional concerns." *Id.* at 1228 n. 11 (emphasis supplied). Further, the *Jones* Court specifically acknowledges that not every fact with a bearing on sentencing must be found by a jury. *Id.* at 1226.

In light of the apparent unwillingness of the *Jones* Court to rewrite the law regarding what facts must be determined by a jury rather than a judge, it is not surprising that every Circuit thus far to consider the impact of the *Jones* decision on drug quantity determinations has upheld the settled rule that, for the purposes of 21 U.S.C. § 841, drug quantity is a sentencing factor to be established by the district judge, not the jury. *See United States v. Hester,* 199 F.3d 1287, 1291–92 (11th Cir. 2000); *United States v. Jones,* 194 F.3d 1178, 1186 (10th Cir.1999); *United States v. Williams,* 194 F.3d 100, 106–07 (D.C.Cir.1999). We now join these other Circuits and hold that the Supreme Court's decision in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) notwithstanding, the quantity of drugs involved in a § 841 offense remains a sentencing factor to be determined by the district judge. Accordingly, the fact that the quantity of the drugs involved in defendants' offenses was calculated by a judge—rather than charged in the indictment, submitted to the jury, and found

beyond a reasonable doubt—does not constitute reversible error.

## II.

For the reasons stated above, we affirm the judgment of the District Court.