Rehearing granted in case No. 99-4737
by order filed 7/25/00

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4278

WILLIAM PATRICK MILLER, a/k/a
Scoop,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 99-4737

MARION PROMISE, a/k/a Mario,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge;
Lyle E. Strom, Senior District Judge, sitting by designation.
(CR-98-7-MU)

Submitted: May 31, 2000

Decided: June 16, 2000

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric A. Bach, Charlotte, North Carolina; Gary L. Murphy, DOZIER, MILLER, POLLARD & MURPHY, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Marion Promise and William Patrick Miller of conspiracy to possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 2000). Miller also was convicted of possession with intent to distribute crack cocaine in violation of § 841(a)(1) and possession of a machine gun in violation of 18 U.S.C.A. § 922(o) (West Supp. 2000). Miller appeals his convictions, and Promise appeals his conviction and 360-month sentence. Finding no reversible error, we affirm.

Miller challenges his convictions on the ground that the district court erred in denying his motion to substitute counsel. We have reviewed carefully the district court's decision to deny Miller's motion to substitute counsel and conclude that there was no abuse of discretion. See United States v. DeTemple, 162 F.3d 279, 288 (4th Cir. 1998) (stating standard of review and discussing factors court must consider), cert. denied, 526 U.S. 1137 (1999).

Promise first contends on appeal that his conspiracy conviction should be vacated because the district court erred in treating the enhanced penalties under 21 U.S.C.A. § 841(b) (West 2000), as sentencing factors rather than as an element of the offense. He seeks to

2

extend to § 841(b) the Supreme Court's decision in Jones v. United States, 526 U.S. 227 (1999), which held that, under the federal car jacking statute, 18 U.S.C. § 2119, certain penalty-enhancing factors (the existence of death or serious bodily injury) are additional elements of the offense rather than sentencing enhancements. See id. at 251-52. No circuit to address this question has extended Jones to § 841(b). See United States v. Taylor, 210 F.3d 311, ___, 2000 WL 385343, at *6 (5th Cir. 2000) (holding that Jones did not support finding of plain error); United States v. Jackson, 207 F.3d 910, 920-21 (7th Cir. 2000); United States v. Thomas, 204 F.3d 381, 383-84 (2d Cir. 2000) (collecting cases from Tenth, Eleventh, and District of Columbia circuits), petitions for cert. filed, Mar. 24 & May 12, 2000 (Nos. 99-8779, 99-9541); United States v. Swiney, 203 F.3d 397, 404 n.5 (6th Cir. 2000) (dicta), petitions for cert. filed, May 12 & 15, 2000 (Nos. 99-9522, 99-9559). We therefore find no plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993).

Finally, Promise argues that he was sentenced in excess of the statutory maximum. Because the jury convicted him of conspiracy to distribute cocaine and/or crack cocaine using a general verdict form, Promise asserts that it is not possible to tell on what object of the conspiracy the jury based its decision. Promise argues, therefore, that he must be sentenced in accordance with the lower penalty scheme-- here, powder cocaine--and that his thirty-year sentence exceeded the statutory maximum of twenty years provided in § 841(b)(1)(C). The government failed to address this argument in its brief. Our review is for plain error. See Olano, 507 U.S. at 732-37; United States v. Rhynes, 206 F.3d 349, 379 (4th Cir. 1999), petitions for cert. filed, May 2 & 3, 2000 (Nos. 99-9386, 99-9393, 99-9458).

We addressed this issue in Rhynes, where we held, relying on Edwards v. United States, 523 U.S. 511 (1998), and United States v. Quicksey, 525 F.2d 337 (4th Cir. 1975), that a district court is prohibited "from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based." Rhynes, 206 F.3d at 380. Here, the jury returned a general verdict on the conspiracy count without identifying the object or objects of the conspiracy--cocaine and/or crack. Promise was sentenced on the basis of a finding of guilt as to crack, resulting in a guideline range of 360 months to life.

3

Had Promise been convicted of a cocaine-only conspiracy, how-ever, he would have been held accountable for twenty kilograms cocaine.* Although Promise asserts that he is subject to the twenty-year maximum sentence set forth in § 841(b)(1)(C), his assertion is incorrect. Twenty kilograms of cocaine exposes Promise to a maxi-mum penalty of life in prison. See 21 U.S.C.A. § 841(b)(1)(A)(ii) (providing for maximum sentence of life for offense involving five kilograms or more of cocaine). Because Promise's thirty-year sen-tence is within the life-sentence statutory maximum, we find no plain error. See Rhynes, 206 F.3d 379-81.

Accordingly, we affirm Miller's convictions and Promise's convic-tion and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

* The probation officer concluded in the presentence report that Prom-ise was responsible for approximately 20 kilograms of cocaine and crack. Promise did not object to the factual findings in the presentence report, which the district court adopted.

4