Frank Michael PARISE, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 3:95CR00135(PCD).
No. 3:00CV01046(PCD).

United States District Court,
D. Connecticut.

March 22, 2001.

**346**

Frank Michael Parise, Fort Dix, NJ, Pro se.

Peter L. Truebner, Stamford, CT, Tracy W. Young, New York City, for Respondents.

Peter D. Markle, H. Gordon Hall, E. Gates Garrity–Rokous, U.S. Attorney's, New Haven, CT, Alex V. Hernandez, U.S. Attorney's Office, Bridgeport, CT, for U.S.

## RULING

DORSEY, Senior District Judge.

A hearing was held on March 14, 2001 to reconsider the vacatur of petitioner's sentence under 28 U.S.C. § 2255. At such hearing, it was held appropriate under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to vacate the sentence, and, accordingly, Parise was resentenced. The instant ruling provides further legal and factual support for the determination made in open court.

## I. BACKGROUND

Petitioner filed a § 2255 petition on June 7, 2000. The petition was denied on August 10, 2000. As petitioner had attempted to amend the petition prior to the denial, such amendment was eventually permitted, once jurisdictional issues were resolved. Finding that Parise received a greater punishment by virtue of a finding of fact regarding drug quantity not presented to the jury and proven beyond a reasonable doubt, the Court vacated his sentence. The Government's request for reconsideration was granted. The parties argued their positions at the March 14th hearing.

## II. DISCUSSION

Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A), which prescribes the

penalty for knowingly and intentionally possessing with intent to distribute 5 kilograms or more of cocaine. Section 841(b)(1)(A)(ii) provides that where 5 kilograms or more are involved, the defendant shall be sentenced to a minimum of 10 years and a maximum of life imprisonment, where there is no resulting death or serious bodily injury. Defendant's prior conviction of a narcotics trafficking offense raised the mandatory minimum to 20 years. Although the imprisonment range under the Sentencing Guidelines was 188–235 months, this range was subordinated to the mandatory minimum and Parise was sentenced to 240 months.

It is undisputed that the jury made no finding with respect to the quantity of drugs involved, and, thus, petitioner should have been sentenced under 21 U.S.C. § 841(b)(1)(C), which is silent with respect to quantity. Section 841(b)(1)(C) provides no mandatory minimum but has a statutory maximum of twenty years without a prior felony drug conviction, thirty years with such a prior conviction. Petitioner asserts that his sentence violated the principles suggested in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and firmly established in *Apprendi*.

*Jones* examined whether the federal carjacking statute, 18 U.S.C. § 2119, set forth "three distinct offenses or a single crime with a choice of three maximum penalties, two of them dependent on sentencing factors exempt from the requirements of charge and jury verdict." *Jones*, 526 U.S. at 229, 119 S.Ct. 1215 (referring to heightened penalties where serious bodily injury or death results from carjacking). "Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Govern-

ment beyond a reasonable doubt." *Id.* at 232, 119 S.Ct. 1215. Concluding that Congress most likely intended to create separate offenses rather than sentencing factors, *see id.* at 235, 119 S.Ct. 1215, and given the serious constitutional implications of the alternative interpretation, *see id.* at 239, 119 S.Ct. 1215, *Jones* construed § 2119 "as establishing three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict," *id.* at 252, 119 S.Ct. 1215.

■ *Apprendi*, building on *Jones*, squarely addressed whether due process requires a jury to decide beyond a reasonable doubt any facts that would authorize an increase in a maximum prison sentence. *See Apprendi*, 120 S.Ct. at 2351. In particular, *Apprendi* examined a New Jersey hate crime statute that allowed a trial judge to impose an extended term of imprisonment if he or she found, by a preponderance of the evidence, that " '[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.' " *Id.* (quoting N.J. Stat. Ann. § 2C:44–3(e) (West Supp.2000)). In making a distinction between elements and sentencing factors, *Apprendi* found the relevant inquiry to be whether the required factual finding would "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Id.* at 2351. Except for the fact of a prior conviction, any fact that increases a criminal penalty beyond the statutory maximum for the offense charged must be presented to the jury and proven beyond a reasonable doubt. *See id.* at 2351–53.

■ In the case at bar, the punishment authorized by the jury's guilty verdict was zero to thirty years. By virtue of its find-

ing of fact that more than 5 kilograms of cocaine were involved, the Court sentenced Parise under § 841(b)(1)(A), thereby exposing him to a sentencing range of twenty years to life. As Parise was *exposed* to a greater punishment than that authorized by the jury's guilty verdict, even if he did not *actually* receive a greater-than-authorized sentence, his constitutional rights were violated. *See id.* at 2365. Moreover, Parise *did* receive a greater-than-authorized sentence. As discussed in detail in the 10/25/00 Ruling on Motion for Reconsideration (Dkt # 1060), the application of § 841(b)(1)(A) caused Parise to receive a greater punishment than he would have received under § 841(b)(1)(C), as the former triggered a mandatory minimum that required raising to 240 months the 235-month sentence he otherwise would have received under § 841(b)(1)(C) and the Sentencing Guidelines. The maximum sentence statutorily authorized in Parise's case, given the Guidelines, was 235 months. The imposition of a sentence of 240 months was improper and in violation of Parise's constitutional rights.

The Government objects to sentence vacatur, arguing: 1) the *Apprendi* issue was not timely raised; 2) collateral relief is procedurally barred because *Apprendi*, as a new rule of constitutional criminal procedure, may not be applied retroactively; and 3) petitioner fails to show cause and prejudice.

### A. *Timeliness*

■ The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposed a one year limitation on § 2255 petitions. The limitation in the case at bar runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Although the AEDPA fails to define "final" with respect to a § 2255 petition, it has been found that the statute of limitations runs from "the conclusion of direct review or the expiration of the time for seeking such review." *Baskin v. United States,* 998 F.Supp. 188, 189 (D.Conn. 1998).

Judgment entered against Parise on August 20, 1997. The Second Circuit affirmed the conviction and sentence on January 7, 1999. Parise filed a petition for writ of certiorari, which was denied by the United States Supreme Court on June 7, 1999. As Parise filed his original § 2255 petition on June 7, 2000, a year from the conclusion of direct review, his petition is timely.

Parise did not raise the *Apprendi* issue in his original petition as *Apprendi* was not decided until June 26, 2000, several weeks after Parise's petition was due and filed. Parise's amended petition, however, does state an *Apprendi* claim, and Parise asserts that the amendment relates back to the date of the original pleading pursuant to Fed.R.Civ.P. 15(c)(2). The Government disagrees.

■ Fed.R.Civ.P. 15(c)(2) states that an amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Whether a claim relates back hinges on "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'" *Stevelman v. Alias Research Inc.,* 174 F.3d 79, 86 (2d Cir.1999) (quoting *Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.1973)). Relation back is to be liberally granted where no new cause of action is alleged. *See id.* at 87. Determining whether a claim relates back lies in the discretion of the district

court. *See Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir.1998).

■ The original § 2255 petition alleged due process violations as well as violations of the Fifth and Sixth Amendments. The facts and circumstances alleged included that the record did not support the Court's finding of fact that five to fifteen kilograms of cocaine were involved. The Government was thus on notice that petitioner was challenging the finding of quantity that subjected him to a heightened sentence. An amendment seeking to void this finding of fact through a different legal argument relates back to the date the original pleading was filed. The amendment does not allege a new cause of action. Rather, it asserts a claim arising out of an occurrence set forth in the original petition—the Court's finding of fact as to drug quantity. Accordingly, the *Apprendi* claim is timely.

### B. *Retroactive Application*

The Government argues that *Apprendi* established a new rule of criminal procedure and, accordingly, petitioner's claim is barred pursuant to *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which held that new constitutional rules of criminal procedure may not be applied to cases on collateral review. *See Teague*, 489 U.S. at 310, 109 S.Ct. 1060.

■ Two exceptions are made to this general rule. The first is where a new rule places an entire category of primary conduct beyond the reach of criminal law or prohibits punishment for a class of defendants because of their status or offense. *See Sawyer v. Smith*, 497 U.S. 227, 241, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990). The other exception, and the one applicable in the instant case, "applies to new 'watershed rules of criminal procedure' that are necessary to the fundamental fairness of the criminal proceeding." *Id.* at

241–42, 110 S.Ct. 2822 (1990) (citing *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)); *Teague*, 489 U.S. at 311–13, 109 S.Ct. 1060 (plurality opinion).

■ *Apprendi* establishes that, except for the fact of a prior conviction, any fact that increases a criminal penalty beyond the statutory maximum for the offense charged must be presented to the jury and proven beyond a reasonable doubt. *See Apprendi*, 120 S.Ct. at 2362–63. This rule is certainly of constitutional dimension as it draws life from a criminal defendant's right to a trial by jury and right to have the jury verdict based on proof beyond a reasonable doubt. *See id.* at 2355–56. Despite its deep-rooted constitutional origins, the rule dramatically alters the manner in which defendants must be indicted, the level and type of evidence the Government must present to prove elements of an offense previously considered to be sentencing factors, and the questions ultimately presented to the jury. Indeed, Justice O'Connor declared *Apprendi* to have established a "watershed rule." *Id.* at 2380 (O'Connor, J., dissenting). Thus, while *Apprendi* did establish a new rule of criminal procedure, it may be applied to cases on collateral review because it is a watershed rule necessary to the fundamental fairness of the criminal proceeding. *See Sawyer*, 497 U.S. at 241–42, 110 S.Ct. 2822. Petitioner's claim is not barred under *Teague*.

### C. *Cause and Prejudice*

■ The Government asserts that Parise must show both cause and prejudice because he did not raise the *Apprendi* issue on direct review, and he fails to establish either. "Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the

**350**

claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom, or (2) actual innocence." *Rosario v. United States,* 164 F.3d 729, 732 (2d Cir.1998) (citation and internal quotation marks omitted). However, a defendant cannot be deemed to have forfeited a claim by not raising it on direct review if, at the time of review, no legal right underlying the claim existed—such as when "a supervening decision alters settled law." *United States v. Viola,* 35 F.3d 37, 42 (2d Cir.1994) ("If we were to penalize defendants for failing to challenge entrenched precedent, we would be insisting upon an omniscience on the part of defendants about the course of the law that we do not have as judges.").

 "Prior to *Apprendi,* settled law in the Second Circuit provided that for 'crimes charged under 21 U.S.C. § 841, the quantity of the drug involved is not an element of the offense to be determined by the jury beyond a reasonable doubt,' but instead 'quantity relates solely to sentencing, and as such, is considered a factor to be determined by the sentencing court.'" *United States v. Moreno,* No. S3 94 CR. 0165(SS), 2000 WL 1843232 (S.D.N.Y. Dec. 14, 2000) (quoting *United States v. Thomas,* 204 F.3d 381, 383 (2d Cir.2000)). Such was the rule even after *Jones. See Thomas,* 204 F.3d at 383–84. Accordingly, Parise cannot be said to have forfeited his right to make an *Apprendi*-type claim by not raising it on appeal, because settled law did not provide a legal basis for the claim at the time of said appeal.

## III. CONCLUSION

The ruling vacating petitioner's sentence is adhered to as consistent with the instant ruling and the ruling issued in open court on March 14, 2001. As plaintiff has been resentenced, no further proceedings are required.

SO ORDERED.