UNITED STATES of America, Appellee,

v.

Ramse THOMAS, a/k/a Rock, Defendant–Appellant.

No. 98–1051.

United States Court of Appeals, Second Circuit.

April 20, 2001.

Before WALKER, Chief Judge, KEARSE, JACOBS, LEVAL, CALABRESI, CABRANES, PARKER, STRAUB, POOLER, SACK, SOTOMAYOR, and KATZMANN, Circuit Judges.

### MEMORANDUM AND ORDER

On remand from the United States Supreme Court, *see Thomas v. United States,* —— U.S. ——, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001), defendant Ramse Thomas argues that the sentence imposed by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Chief Judge*), pursuant to 21 U.S.C. § 841(b)(1)(A), is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

A poll of the judges in regular active service having been requested and taken and a majority of the active judges of the court having voted to rehear the appeal in banc, **IT IS HEREBY ORDERED** that the appeal be reheard in banc since this case raises questions of exceptional importance that will affect the administration of criminal justice in our Circuit, *see* Fed.

R.App. P. 35(a). The in banc panel will consist of the active judges of the court. *See* 28 U.S.C. § 46(c). It is being convened to consider whether, following the Supreme Court's decision in *Apprendi v. New Jersey,* and our decision in *United States v. Tran,* 234 F.3d 798 (2d Cir.2000), the district court was empowered to impose an enhanced sentence on Thomas based on its findings concerning the quantity of drugs involved in his offense.

The facts and proceedings relevant to the instant appeal are as follows: In 1994, a grand jury in the Northern District of New York returned an indictment charging, *inter alia,* that Thomas and others "did knowingly, willfully and unlawfully combine, conspire, confederate and agree among themselves and with others, to possess with intent to distribute and to distribute a quantity of cocaine, a Schedule II controlled substance and a quantity of cocaine base, also known as 'crack' cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1). In violation of Title 21, United States Code, § 846." The indictment nowhere alleges that the charged crimes involved any particular quantity of drugs.

Thomas and his co-defendants were convicted, following a jury trial, on February 27, 1995. *See United States v. Thomas,* 116 F.3d 606, 612 (2d Cir.1997). They appealed, and we vacated their convictions and remanded the case for retrial based on the District Court's improper dismissal of a juror. *See id.* at 625. In January 1998, following a second jury trial, Thomas was again convicted of the conspiracy charge. *See United States v. Thomas,* 204 F.3d 381, 382 (2d Cir.2000) ("*Thomas II*").

In conformity with standard practices adopted by district courts following the promulgation of the U.S. Sentencing Guidelines, the Presentence Investigation Report on Thomas prepared by the U.S. Probation Office recommended that the sentencing judge enter the following findings regarding the quantities of narcotics attributable to Thomas: 24.479 kilograms of cocaine and 1.826 kilograms of crack cocaine. After considering the record before it, the district judge found Thomas responsible for 12.9 kilograms of cocaine and 1.2 kilograms of crack cocaine. Under 21 U.S.C. § 841(b)(1)(A), these quantities resulted in a sentencing range of ten years' to life imprisonment. (By contrast, had the judge not made findings concerning drug quantity, or had he found that the amount involved was less than 500 grams of cocaine and 5 grams of crack cocaine, he could have imposed a sentence no higher than the statutory maximum of twenty years' imprisonment for an offense involving either an unspecified quantity of cocaine or crack cocaine, or quantities less than those set forth in 21 U.S.C. § 841(b)(1)(A)-(B). *Compare* 21 U.S.C. § 841(b)(1)(C) *with* § 841(b)(1)(A) *and* § 841(b)(1)(B).) Applying the Sentencing Guidelines, the sentencing judge identified a range of 292 to 365 months' imprisonment. On January 15, 1998, he sentenced Thomas principally to 292 months' imprisonment.

In a second appeal to this Court, Thomas and two of his co-defendants argued, *inter alia,* that *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), mandated the reversal of their convictions because it rendered the quantity of drugs involved in their crimes an issue of fact that increased the maximum penalty for their crimes and, therefore, had to be submitted to a jury and proved beyond a reasonable doubt. *See Thomas II,* 204 F.3d at 383. Our opinion, filed on February 14, 2000, rejected this argument. *See id.* at 384. We held that *Jones* applied only to the particular car-jacking statute interpreted in the case and did not, gener-

ally, "rewrite the law regarding what facts must be determined by a jury rather than a judge." *Id.* at 384. We thus joined every other Circuit that had considered the question in holding that, after *Jones,* drug quantity remained a sentencing factor to be determined by the district judge, not an element of the offense to be proved by the prosecutor and found by the jury. *See id.* (collecting cases from other Circuits).

Following our decision in *Thomas II,* the Supreme Court, on June 26, 2000, decided *Apprendi,* which held that "[o]ther than the fact of a prior conviction, *any fact* that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63 (emphasis added). The Supreme Court then granted Thomas's petition for a writ of certiorari and remanded this case to us for further consideration in light of *Apprendi. See Thomas v. United States,* —— U.S. ——, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001).

In a related development, on November 11, 2000, a panel of this Court in *United States v. Tran,* 234 F.3d 798 (2d Cir.2000), held that the government's failure to include in the indictment an element of the sentenced offense is jurisdictional error and thus not subject to plain error review. Tran had been indicted for, and pleaded guilty to, being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(c). He was sentenced, on the other hand, for being a felon in possession of a sawed-off shotgun, which carries a higher sentence than the maximum applicable for being a felon in possession of a firearm *simpliciter.*

The parties are requested to address the following questions in their briefs:

(1) Does drug quantity under 21 U.S.C. § 841, when it increases a defendant's sentence above a statutory maximum, constitute an element of the offense under the analysis used in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), and *Carter v. United States,* 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000), such that it must be alleged in the indictment?

(2) Assuming that an indictment's failure to allege drug quantity is error, under what circumstances is that error subject to harmless or plain error review?

(3) Should this Court's analysis in the instant case be governed or influenced by *United States v. Tran,* 234 F.3d 798 (2d Cir.2000), and, if so, is *Tran*'s reasoning sound?

The Court is mindful that the parties' responses to these questions may affect other cases that raise questions not directly before the Court in the instant appeal—for example, cases involving pleas of guilty, stipulations by the parties to the amount of drugs involved, or whether the issue arises on direct or habeas review. Accordingly, the Court encourages consideration in the briefs of any such significant and foreseeable effects of this case.

The appellant's brief shall be filed by May 14, 2001, the appellee's brief shall be filed by June 4, 2001, and the appellant's reply brief shall be filed by June 15, 2001. Oral argument will be held on Wednesday, June 27, 2001 at 1:30 p.m. in the Ninth Floor Courtroom of the United States Courthouse, 500 Pearl Street, New York, New York.

We request that the United States Attorneys in the six districts of the Second Circuit submit a single, joint brief on be-

half of the government, because of the importance of the answers to the questions presented to the administration of criminal justice throughout the Circuit. We invite consideration of this appeal as well by the Solicitor General of the United States, to whom a copy of this order shall be delivered. We also invite amicus curiae briefing from the New York Council of Defense Lawyers, the Federal Bar Council, and the Association of the Bar of the City of New York, or their respective committees on criminal law. Joint amicus briefs may be filed. All amicus curiae briefs must be filed no later than June 4, 2001. Appellee may reply to any arguments raised in such briefs by June 15, 2001.