**UNITED STATES of America,**
**Appellee,**

v.

**Shawn KENNEDY, Damon Clark,**
**Ryan Peeler, and Angelina**
**Keene, Defendants,**

**Russell Peeler, Jr., Adrian Peeler,**
**and Corey King, Defendants–**
**Appellants.**

**Nos. 00–1252, 00–1449.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2001.

Daniel H. Murphy, Pelham, NY, for appellant Russell Peeler.

Richard D. Willstatter, White Plains, NY, for appellant Adrian Peeler.

James I. Glasser, United States Attorney's Office for the District of Connecticut; New Haven, CT, Stephen C. Robinson, United States Attorney, on the brief, for appellee.

Present OAKES, CARDAMONE, and JACOBS, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Defendants Russell Peeler, Jr. and Adrian Peeler appeal from their judgments of conviction and sentences imposed in the United States District Court for the District of Connecticut (Nevas, J.). Both were convicted of conspiracy to possess

with intent to distribute and distribute multi-kilogram quantities of cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846, Russell following a jury trial, and Adrian following his plea of guilty.

After their indictment and arrest, the Peeler brothers entered pleas of not guilty and a date was set for trial. On November 9, 1999 (prior to trial but after jury selection was completed), Adrian Peeler changed his plea to guilty to count one of the first superseding indictment, charging him with conspiracy to possess with intent to distribute and distribute multi-kilogram quantities of cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. His plea hearing, conducted before a magistrate judge,[1] was accepted by Judge Nevas on November 15, 1999.

Following Adrian's plea of guilty, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"), assigning him a Total Adjusted Offense Level of 43 and a Criminal History Category of V. Adrian's guideline range was life imprisonment. On May 22, 2000, he filed a motion to postpone his sentencing until September 2000 on the ground that the sentencing could taint a prospective jury pool from which a jury in his then-pending state murder prosecution would be drawn. The court denied this motion and immediately thereafter, he moved to withdraw his plea. The court denied this request as well. After giving Adrian an opportunity to allocute, the court awarded Adrian a two level adjustment for acceptance of responsibility—resulting in a guideline range of 360 months to life—and sentenced Adrian to 420 months imprisonment.

Russell Peeler proceeded to trial on November 15, 1999, and on November 19, the jury convicted him of conspiracy to possess

with intent to distribute multi-kilogram quantities of crack cocaine. The evidence at trial, consisting largely of testimony from cooperating coconspirators, established that Russell and Adrian Peeler ran a large-scale crack cocaine distribution operation. On March 24, 2000, the district judge sentenced Russell to life imprisonment, to run concurrent to a state life sentence Russell was already serving for murder.

On appeal, Russell contends that he was denied effective assistance of counsel and that his conviction violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Russell's ineffective assistance claim is premised on the following allegations: (1) counsel made an inadequate record in support of the change-of-venue motion; (2) counsel failed to make a record to support a *Batson* claim; (3) counsel failed to request a jury charge pursuant to *United States v. Prawl*, 168 F.3d 622, 626 (2d Cir.1999), that the guilty pleas of testifying cooperating witnesses could not be considered as evidence of Russell's guilt; (4) counsel permitted or failed to object to the admission of the cooperation agreements of testifying cooperating witnesses; and (5) at trial, counsel failed to object to portions of the prosecutor's summation.

On appeal, Adrian contends that: (1) his counsel was constitutionally ineffective because he failed to advise Adrian of the likely guideline range, to timely seek withdrawal of Adrian's guilty plea, and to advise Adrian to abandon the motion to withdraw his plea; (2) the district court abused its discretion in refusing to the requested continuance of the sentencing; (3) at sentencing, the court failed to explain why

---

**1.** Prior to entering his plea, Adrian indicated that he understood he had a right to plead before a United States District Judge and that

he was waiving that right knowingly and voluntarily.

Adrian was sentenced to 35 years in prison; and (4) Adrian's sentence was imposed in violation of *Apprendi v. New Jersey*.

### I.

■ To prevail on a claim alleging ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's conduct fell below an objective standard of reasonableness under prevailing norms, and (2) but for counsel's unprofessional conduct, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. White*, 174 F.3d 290, 294 (2d Cir .1999). In the context of a guilty plea, "[t]he second, or 'prejudice,' requirement [ ] focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

■ Russell's allegations of ineffective assistance are without merit. His counsel's failure to pursue the motion to change venue (filed by Adrian but adopted by Russell) was not objectively unreasonable. The court had little trouble empaneling a fair and impartial jury and, as the district court found, "the pretrial publicity had not 'caused a "clear and convincing" buildup of prejudice among the jurors.'" District Court Ruling on Motion for Change of Venue, quoting *Knapp v. Leonardo*, 46 F.3d 170, 176 (2d Cir.1995) (citing *Irvin v. Dowd*, 366 U.S. 717, 725, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

■ Nor was Russell's counsel ineffective for failure to make a *Batson* challenge. The district court brought in two hundred people from whom sixteen jurors were selected (twelve after dismissal of alternates), and thoroughly conducted voir dire with approximately 132 of them. Forty-

nine qualified jurors remained. Since the Government was allowed twelve peremptories and the defendants sixteen, only forty-four qualified jurors were necessary to select sixteen, and the remaining five were excused on a random basis. The remaining forty-four jurors consisted of two Asians, two African Americans, and one Hispanic. The final sixteen-member jury that was selected consisted of twelve Caucasians, two African Americans, one Hispanic, and one Asian. (Only one minority from the group of forty-four—an Asian person—did not make it on to the jury .) Subsequently, one of the white male jurors was excused for cause, and the trial was conducted before fifteen jurors. At the conclusion of the trial, but prior to deliberations, and as per the parties' agreement, the jurors' names were placed into a wheel and three names were randomly drawn, signifying those who were excused from deliberations as alternates. The process that resulted in the departure of two African Americans and one Caucasian woman was therefore random in nature, and afforded no basis for a *Batson* challenge.

■ Russell's claim that counsel's failure to request a *Prawl* instruction constituted ineffective assistance is unavailing. In *United States v. Prawl*, 168 F.3d 622, 626 (2d Cir.1999), this court held that "when asked," a district court "should instruct the jury that the co-defendant's plea may not be considered as evidence of the defendant's guilt." *Id.* at 626. A district court's failure to give a *Prawl* instruction *sua sponte*, however, is not plain error. *United States v. Hurtado*, 47 F.3d 577, 585 (2d Cir.1995).

We need not reach the question whether Russell's counsel's failure to request a *Prawl* instruction was objectively unreasonable because even if it was, Russell has not demonstrated *Strickland* prejudice. *See Strickland v. Washington*, 466 U.S.

668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to show prejudice, defendant must demonstrate that but for counsel's unprofessional conduct, the outcome would have been different). At Russell's trial, the government sponsored seven cooperating witnesses, each of whom had pled guilty to a federal crime and entered into a cooperation agreement. Although defense counsel did not request a *Prawl* instruction, the district court instructed the jury as follows at the close of evidence:

> ... some of [the cooperators] testified and indicated they already pled guilty, and that fact should not affect or influence your verdict with respect to the defendant on trial. You have to base your verdict as to this defendant solely on the basis of the evidence or lack of evidence elicited during the course of this trial against him, and what other people have done is not to be considered by you in making that determination.

Govt.App. 366–67. Russell has not demonstrated that this instruction was insufficient or that the outcome would have been different with a similar instruction following the testimony of each individual cooperating witness. This claim therefore fails.

We have reviewed Russell's other allegations in support of his ineffective assistance claim (that counsel permitted or failed to object to the admission of the cooperation agreements of testifying cooperating witnesses, and failed to object to portions of the prosecutor's summation), and conclude that these claims likewise lack merit.

■ As to Adrian's arguments on ineffective assistance of counsel: his counsel, as well as the government and the court, advised Adrian on the record as to the likely sentencing range; even if Adrian did request his counsel to withdraw his guilty plea as early as December 1999, defense counsel was not unreasonable in failing to

do so and Adrian was not prejudiced; and the motion to withdraw Adrian's plea was *Adrian's* motion, *not* his lawyer's. Based on this, counsel's assistance to Adrian was not ineffective.

■ Adrian also argues on appeal that the district court abused its discretion in refusing to grant a continuance of the sentencing. We disagree. Adrian's concern that the sentencing could taint a prospective jury pool from which the jury would be drawn in his then-pending state trial was speculative, particularly given that the same claim in support of the motion for change of venue was unfounded. Also, Adrian's involvement in the state murder case did not impair his ability to accept responsibility in the federal case.

He had a variety of options: to contest his PSR or present information to the court in camera, *see* Fed.R.Crim.P. 32(c)(4); to provide information to the Probation Office and the court but not to the Government, *see* District of Connecticut Local Rule 10(a)(2); and to request that the sentencing judge hold in confidence any oral or written communication related to sentencing, *see* District of Connecticut Local Rule 10(f). In addition, at his sentencing hearing, Adrian's motion for a continuance, filed under seal, contained nothing to indicate that the PSR was inaccurate, or to mitigate sentence.

■ We also reject Adrian's argument that the district court failed to explain, as required under 18 U.S.C. § 3553(c)(1), why the sentence of 35 years was imposed. A sentencing court is deemed to have complied with § 3553(c)(1) if it "advert[s] to a given factor or factors in selecting a point within the range." *United States v. Rosa*, 11 F.3d 315, 344 (2d Cir.1993). Factors include the defendant's criminal history, the nature and severity of the offense, or the likelihood of recidivism.

*United States v. Reyes,* 116 F.3d 67, 70 (2d Cir.1997).

Adrian faced a guideline range of 360 months to life; the district court sentenced him to 420 months. The district court, in complying with § 3553, considered Adrian's questionable acceptance of responsibility, the length and seriousness of his criminal conduct ("you pumped kilograms of cocaine into the streets of Bridgeport during all the years that you were running this drug conspiracy"), and the impact of his conduct on the community ("you were running this drug conspiracy and filling the noses and veins of young people with crack and cocaine").

Finally, both defendants challenge their convictions and sentences under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi,* which was decided after the defendants' sentences were imposed, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.

Numerous circuits have applied *Apprendi* to federal narcotics trafficking offenses, and have held that drug quantity must be charged in the indictment and proven to a jury beyond a reasonable doubt if the defendant is to be sentenced under the higher sentencing penalty provisions set forth in 21 U.S.C. §§ 841(b)(1)(A) & (B) (specifying sentence of ten years to life if defendant's offense involves, *inter alia,* fifty grams or more of cocaine base, or five to forty years for offenses involving, *inter alia,* at least five grams of cocaine base), as compared to § 841(b)(1)(C) (authorizing a term of imprisonment of no more than twenty years). *See United States v. Rogers,* 228 F.3d 1318, 1327 (11th Cir.2000); *United States v. Page,* 232 F.3d 536, 543–45 (6th Cir.2000); *United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir .2000).

This Circuit has not addressed this issue under *Apprendi,* and our pre-*Apprendi* decision in *United States v. Thomas,* 204 F.3d 381, 383 (2d Cir.2000) (holding that in crimes charged under 21 U.S.C. § 841, the quantity of the drug involved is not an element of the offense to be determined by the jury beyond a reasonable doubt), was vacated for reconsideration, *Thomas v. United States,* 531 U.S. 1062, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001), rehearing in banc was granted, *United States v. Thomas,* 248 F.3d 76 (2nd Cir.2001), and a decision is pending.

Although the Peelers' *Apprendi* claims depend on a ruling by this Circuit that *Apprendi* applies to drug quantity (which has not been decided), we conclude that even if drug quantity is an element of the offense that must be charged in the indictment and proven beyond a reasonable doubt, Russell and Adrian have failed to demonstrate any *Apprendi* error.

■ In Russell's case, the indictment charged him with conspiracy "to possess with intent to distribute and to distribute multi-kilogram quantities of cocaine base." The prosecutor told the jury what Russell was charged with: "[T]he indictment charges Mr. Peeler with conspiracy to possess with intent to distribute multi-kilogram quantities of cocaine base, also known as crack." Defense counsel likewise told the jury that it could only return a verdict if it found that Russell had joined a conspiracy to distribute multiple kilograms of crack. In charging the jury, the court read the indictment aloud and described the alleged conspiracy as involving "multi-kilogram quantities." The verdict form given to the jury read:

We the jury unanimously find: As to Count One, Conspiracy to Possess With Intent to Distribute and to Distribute multi-kilogram quantities of cocaine base ('crack'), we find the defendant, RUS-SELL PEELER, JR., Guilty.

Govt.App. 389. Whatever the parameters of *Apprendi*, there is no *Apprendi* error here: drug quantity (multi-kilograms of cocaine base) was charged in the indictment and found by a jury beyond a reasonable doubt.

Nor has Adrian raised a cognizable *Apprendi* claim. He was charged in the same indictment as his brother and with the same offense. He pled guilty to conspiracy to possess with intent to distribute multi-kilogram quantities of cocaine base, and expressly agreed to the prosecutor's factual proffer that described a complicated and elaborate drug operation. Pursuant to 21 U.S.C. § 841(b)(1)(B), which authorizes penalties of up to forty years if certain drug quantities are involved, Adrian need only have pled to a conspiracy involving five or more grams of crack in order to receive the sentence he did of 35 years. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.