James ROBINSON, Movant,

v.

UNITED STATES of America, Respondent.

No. 00CIV7493 (LAK).
97 Cr. 1192(LAK).

United States District Court,
S.D. New York.

Jan. 29, 2001.

David L. Lewis, Lewis & Fiore, New York City, for movant.

Mark L. Mukasey, Assistant United States Attorney, Mary Jo White, United States Attorney, for U.S.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This Section 2255 motion purports to raise the question whether *Apprendi v. New Jersey*[1] requires that a fact that triggers the applicability of a mandatory minimum sentence be determined by a jury beyond a reasonable doubt. Given the nature of·the evidence at trial, however, any error in failing to submit that fact to the jury[2] was harmless.

### Facts

Movant James Robinson was indicted on charges of conspiring to distribute and possess with intent to distribute, and of possessing with intent to distribute, 500 grams and more of substances containing cocaine in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(B), and 846. Prior to trial, the government filed a prior drug felony information against movant pursuant to 21 U.S.C. § 851 based on an earlier state felony drug conviction. At trial, the Court instructed the jury, in accordance with then settled law, that the alleged quantity of drugs was not an element of the offense and that the jury need not concern itself with quantity. Robinson was convicted on both counts. On December 22, 1998, he was sentenced to 120 months' imprison-

---

**1.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**2.** The question of *Apprendi's* effect, if any, on facts subjecting a defendant to a mandatory minimum or increased mandatory minimum sentence technically is open in the Second Circuit. *United States v. Champion,* 234 F.3d 106, 109–10 (2d Cir.2000). Nevertheless it is far from clear that there Robinson's position ultimately will prevail. *Apprendi* held that any question, other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63. But the *Apprendi* court declined to overrule *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which upheld a state scheme by which defendants were subjected to mandatory minimum sentences on the basis of factual findings made by sentencing judges. *Apprendi,* 120 S.Ct. at 2360–61 & n. 13. At least four circuits therefore have held that facts subjecting a defendant to a mandatory minimum sentence need not be determined by a jury under the reasonable doubt standard. *E.g., United States v. LaFreniere,* 236 F.3d 41, 50 (1st Cir.2001); *United States v. Keith,* 230 F.3d 784, 787 (5th Cir.2000); *United States v. Aguayo–Delgado,* 220 F.3d 926, 933–34 (8th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000); *United States v. Gerrow,* 232 F.3d 831, 834 (11th Cir.2000).

ment, the mandatory minimum term given the trial court's finding that the drug quantity exceeded 500 grams and Robinson's prior felony drug conviction, eight years of supervised release and the mandatory special assessment. The conviction was affirmed by the Court of Appeals, and the Supreme Court denied certiorari.[3]

Movant then filed a timely motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. The motion raises for the first time three alleged grounds for relief. First, Robinson contends, in light of *Apprendi*, that the quantity of drugs was an element of the offense and that the Court's charge deprived him of a jury determination, beyond a reasonable doubt, of that element. Second, he contends that his trial counsel rendered ineffective assistance of counsel in failing to object to that charge. Finally, he contends that the indictment upon which he was tried was rendered insufficient by *Apprendi* because it did not allege the prior felony conviction that was alleged in the information filed pursuant to 21 U.S.C. § 851.

In view of the novelty of certain of the issues raised by the motion, the Court appointed Robinson's appellate counsel, David Lewis, Esq., to represent him on this motion. Mr. Lewis declined to advance Robinson's ineffective assistance argument.

## Discussion

### The Drug Quantity Issue

It is important to bear the structure of Section 841 in mind in considering Robinson's application.

Section 841(a) makes it unlawful, with exceptions not here relevant, to distribute or possess controlled substances, including cocaine, with intent to distribute.[4] Section 841(b) sets out the penalties for violations of Section 841(a).[5] The default provision is Section 841(b)(1)(C). Insofar as is relevant here, any person convicted of a violation of Section 841(a) is subject to a term of imprisonment (in addition to other penalties) of not more than 20 years or, if the defendant has a prior felony drug conviction, 30 years. In addition, Sections 841(b)(1)(A) and (B) establish certain mandatory minimum sentences.[6] The mandatory minimum in a case involving 500 grams or more, but less than 5 kilograms, of cocaine is five or, if the defendant has a prior felony drug conviction, ten years.[7] Thus, two factors were at play in determining Robinson's sentencing range. His prior felony drug conviction increased his maximum sentence from 20 to 30 years. The quantity of drugs subjected him to a mandatory minimum sentence.[8] The prior felony drug conviction increased the mandatory minimum, given the drug quantity, from five to ten years.

Prior to *Apprendi*, it was well settled in this Circuit that the quantity of drugs involved in crimes charged under Sections 841 and 846 was not an element of the offense, related solely to sentencing, and was to be determined in cases of controversy by the sentencing judge by a preponderance of the evidence standard.[9] *Apprendi*, however, altered the landscape by holding that "[o]ther than the fact of a

---

**3.** *United States v. Robinson*, 201 F.3d 433, 1999 WL 1059932 (2d Cir.1999), *cert. denied*, 529 U.S. 1012, 120 S.Ct. 1286, 146 L.Ed.2d 232 (2000).

**4.** 21 U.S.C. § 841(a).

**5.** The same structure governs conspiracy to distribute or possess controlled substances pursuant to 21 U.S.C. § 846.

**6.** Sections 841(b)(1)(A) and (B) also increase the statutory maxima. As Robinson was sen-

tenced to a term lower than the maximum established by Section 841(b)(1)(C), this feature of those sections is immaterial here.

**7.** *Id.* §§ 841(b)(1)(A), (B).

**8.** Had the quantity been under 500 grams, there would have been no mandatory minimum.

**9.** *See, e.g., United States v. Thomas*, 204 F.3d 381, 383 (2d Cir.2000), *vacated and remanded for reconsideration in light of Apprendi*, —

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [10]  Robinson's central contention is that *Apprendi* requires the conclusion that he was deprived of due process of law because the determination of drug quantity was not made by the jury pursuant to the reasonable doubt standard, yet subjected him to the mandatory minimum sentence of ten years.

■  The government contends that *Apprendi* does not apply retroactively to cases on collateral review.  The retroactivity question is an open one in this Circuit and is said to be pending before the Court of Appeals.[11]  It is unnecessary to address it, however, as Robinson would be precluded from raising his *Apprendi* drug quantity argument even if *Apprendi* were applicable to cases on collateral review.

Robinson did not seek to have the issue of drug quantity submitted to the jury, did not object to the Court's charge that quantity was not a matter of concern to the jury, and did not raise the point on direct appeal.  Accordingly, "he is barred from raising the claim in [this] subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted." [12]  Even if there was cause for the default, there plainly was no prejudice.

■  As the Second Circuit outlined in *Peck v. United States*,[13] the analysis of prejudice in this context involves first determining whether the claimed error was a structural defect that rendered the trial presumptively unfair and therefore requires reversal without inquiry into actual prejudice.[14]  If not, it was a "trial error" that "may be assessed in the context of other evidence in order to determine the effect, if any, [it] had on the trial."  Trial errors are "amenable to harmless-error analysis." [15]

■  This case is subject to harmless-error analysis given the Supreme Court's holding in *Neder v. United States* [16] that harmless-error analysis was appropriate when a jury charge omitted one element of the offense, which the judge then decided.[17]  As this case is on collateral review, the question for the Court is whether it is clear on examination of the entire record that the error did not have "substantial and injurious effect or influence in determining the jury's verdict." [18]

The government's evidence at trial showed that police officers observed Robinson and his nephew, Antoine Robinson, together in Penn Station in suspicious circumstances consistent with the possibility that the movant was acting as a lookout for Antoine.  The two bought tickets, left the station together and then returned, Antoine then carrying a suitcase.  They hurried across the waiting room and down stairs to an imminently departing train.  They then separated, going into separate

U.S. ——, 121 S.Ct. 749, 148 L.Ed.2d 653 (U.S.2001).

10.  120 S.Ct. at 2362–63.

11.  *See Forbes v. United States*, Docket No. 00–3588.

12.  *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir.1998); *accord, Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

13.  106 F.3d 450 (2d Cir.1997).

14.  *See id.* at 454.

15.  *Lainfiesta v. Artuz*, No. 99 Civ. 11428(LAK), 2000 WL 1459800, at *3 (S.D.N.Y. Sept. 29, 2000) (footnotes omitted); *Peck*, 106 F.3d at 454.

16.  119 S.Ct. 1827, 1833–34 (1999).

17.  *Id.; accord, Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

18.  *See Peck*, 106 F.3d at 454 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)) (in turn quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

cars. An officer then followed Antoine into one car, pointed to the suitcase he had seen Antoine carry onto the train, which by that time was in an overhead rack, and asked whose it was. When he received no response, he opened the suitcase and found 839 grams of cocaine in it. The Robinsons then both were arrested and charged in this indictment. Antoine pleaded guilty.

■ The movant's defense at trial was that his meeting with Antoine was a coincidence and that he had nothing to do with the drugs that Antoine was carrying. Indeed, he called Antoine as a witness and elicited testimony from him that the drugs belonged to Antoine and that movant was not involved with them. There was no challenge to the drug quantity, either at trial or at sentencing. Movant effectively conceded the amount. In these circumstances, movant clearly was not prejudiced by the failure to submit the drug quantity issue to the jury.

■ This disposes as well of movant's ineffective assistance of counsel argument. Because Robinson raises this contention for the first time here, new counsel represented him on direct appeal, and the claim is "based solely on the record developed at trial," Robinson must show cause for the procedural default and actual prejudice.[19] Even assuming cause, there is a patent lack of prejudice. There was no real dispute about the drug quantity. Surely there is no colorable claim that the outcome probably would have been different if the quantity determination had been submitted to the jury.

■ The outcome would be the same absent a procedural bar. Robinson would be obliged to show that his trial counsel's failure to object to the charge fell below an "objective standard of reasonableness" under "prevailing professional norms" and that the outcome of the case probably would have been different had she done so.[20] He has established neither. To begin with, trial counsel's failure to object to the charge, at least in the circumstances of this case, cannot be faulted. The charge conformed to the established law in this Circuit at the time it was given, and counsel probably cannot be taxed with dereliction in failing to foresee *Apprendi.*[21] Counsel obviously made a tactical decision, well justified in the circumstances, to contest only movant's involvement with the drugs—to portray him as an innocent bystander. A challenge to the drug quantity well could have been viewed as likely to undermine the principal thrust of the defense. And reasonable tactical decisions like this may not be second guessed if they do not succeed by charging ineffective assistance.[22] Even more conclusive, however, is the lack of prejudice. Again, absent a real dispute about the drug quantity there was no "reasonable probability that, but for counsel's unprofessional errors," if any, "the result of the proceeding would have been different." [23]

---

**19.** Although in general failure to claim ineffective assistance on direct appeal is not a procedural bar, the Second Circuit has carved out an exception to this general rule. *See Amiel v. United States,* 209 F.3d 195, 198 (2d Cir.2000) (citing *Billy–Eko v. United States,* 8 F.3d 111, 115–16 (2d Cir.1993)). Robinson falls into this exception because he had new counsel at sentencing and on direct appeal, and, moreover, his claim is based solely on his trial attorney's arguments concerning the jury charge, which are in the record.

**20.** *Strickland v. Washington,* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**21.** *See United States v. Thomas,* 204 F.3d 381, 383 (2d Cir.2000) (rejecting argument that, after *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), "all facts (other than recidivism) that increase a defendant's sentence, including the quantity of drugs involved, must be charged in the indictment and found by a jury beyond a reasonable doubt").

**22.** *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

**23.** *Id.* at 694, 104 S.Ct. 2052.

*The Indictment*

Robinson's remaining argument is that *Apprendi* requires that the prior felony drug conviction be alleged in the indictment. His theory apparently is that the prior felony conviction is an element of the offense. But the argument must be rejected for at least three reasons.

■ First, Robinson did not raise this point either at trial or on direct appeal. There was neither cause for that failure nor prejudice from it. Robinson knew before trial from the Section 851 information of the Government's contention that he had a prior drug felony conviction yet Robinson never contested the prior felony drug conviction, either by denying the allegations of the prior felony information [24] or by objecting to the presentence report.

■ Second, any error in this regard obviously was harmless. Robinson does not even now contest the accuracy of the prior felony information.

■ Third, *Almendarez–Torres v. United States* [25] is directly contrary to Robinson's position, holding that an indictment that failed to allege prior convictions that subjected the defendant to a sentence higher than that for the crime charged in the indictment was legally sufficient.[26] Although the *Apprendi* majority was somewhat critical of *Almendarez–Torres*, it did not there overrule it.[27] This Court is bound by it.

*Conclusion*

The motion is denied in all respects. While the question of the impact of *Apprendi* with respect to facts upon which mandatory minimum sentences depend is substantial, the lack of prejudice to movant in this case is so clear, given the nature of the defense he interposed, that no significant constitutional question is raised. The Court therefore denies a certificate of probable cause and determines, for purposes of 28 U.S.C. § 1915, that any appeal herefrom would not be taken in good faith.

SO ORDERED.

---

24. *See* 21 U.S.C. § 851(c)(1) (requiring written response to prior felony information in order to trigger hearing).

25. 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

26. *Id.* at 226–27, 118 S.Ct. 1219.

27. 120 S.Ct. at 2361–62.