UNITED STATES of America,

v.

Emire Salen ROSENDARY, Defendant.

Civil Action No. 01–107 ERIE.

Criminal Action No. 99–31 ERIE.

United States District Court,
W.D. Pennsylvania.

July 9, 2001.

Emire Salen Rosendary, Bradford, PA, pro se.

Marshall Piccinini, U.S. Attorney's Office, Erie, PA, for U.S.

## MEMORANDUM ORDER

McLAUGHLIN, District Judge.

Presently pending is a motion by Petitioner Emire Salen Rosendary to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion will be denied.

### I. BACKGROUND

On September 14, 1999, Rosendary was charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846. The indictment alleged possession of a "detectable amount" of cocaine base; it did not specify quantity. Indictment, Ex. A. to Government's Response to the Defendant's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255, at 1. On February 4, 2000, the parties entered into a plea agreement that stipulated that the quantity of cocaine base was at least 35 grams but not more than 50 grams. The agreement specified that the maximum penalty for this offense was:

(a) A term of imprisonment of not less than five (5) years and not more than forty (40) years;

(b) A fine of $2,000,000;

(c) A term of supervised release of at least four (4) years;

(d) A special assessment under 18 U.S.C. § 3013 of $100.

Plea Agreement, Ex. B. to Government's Response, at 4–5.[1]

For sentencing purposes, this Court determined that Rosendary's background placed him in criminal history category IV. Judgment, Ex. D to Government's Response, at 5. The stipulated quantity placed his offense at level 27. *Id.* This combination yielded a guideline range of 100 to 125 months. Because Rosendary was granted a downward departure for his substantial assistance to the government, however, he was sentenced to a term of imprisonment of 88 months and a term of supervised release of 4 years. He was sentenced on May 15, 2000.

Rosendary filed leave to appeal, but withdrew his direct appeal on June 21, 2000. *See* Appellant's Voluntary Dismissal of Appeal, Ex. E to Government's Re-

---

1. At the plea colloquy, however, the Court informed Rosendary of the maximum penalty according to the indictment memorandum:
 A term of imprisonment of not less than 10 years or more than life.
 A fine not to exceed $4 million.
 A term of supervised release of at least five years.
 For a second or subsequent controlled substance felony conviction that is final, wheth-
 er federal, state or foreign, a term of imprisonment of not less than 20 years and not more than life, a fine not to exceed $8 million, and a term of supervised release of at least 10 years.
 As well as a mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013.
 Transcript of Change of Plea Proceedings, Government's Ex. C, at 9.

sponse, (certificate of service dated June 21, 2000). On June 30, 2000, the Third Circuit Court of Appeals dismissed his appeal. *Id.* Between Rosendary's withdrawal and the Third Circuit's dismissal, the United States Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rosendary argues that his sentence should be vacated because: 1) the "detectable amount" language in his indictment contravened the rule set forth in *Apprendi* ("the *Apprendi* rule") and rendered his indictment defective; and 2) he received ineffective assistance of counsel because his counsel did not object to the indictment on *Apprendi* grounds. Petitioner's Brief at 1–6.

## II. STANDARD OF REVIEW

■ When a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. *United States v. Day,* 969 F.2d 39, 41, 42 (3d Cir.1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. *Id.; United States v. Gordon,* 979 F.Supp. 337, 339 (E.D.Pa.1997).

■ Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Gordon,* 979 F.Supp. 337, 339 (E.D.Pa.1997) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

## III. DISCUSSION

### 1. Apprendi v. New Jersey

■ Rosendary's first challenge to his conviction and sentence is based on the *Apprendi* rule. In *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–2363, 147 L.Ed.2d 435 (2000), the Supreme Court set forth this rule when it stated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Rosendary argues that under *Apprendi,* it was error for this Court to consider the quantity of cocaine base he pled to for sentencing purposes when his indictment alleged possession of only a "detectable amount." The statutory maximum sentence applicable to unspecified amounts of controlled substances is 20 years pursuant to 21 U.S.C. § 841(b)(1)(C); the statutory maximum sentence applicable to the quantity of cocaine base Rosendary pled to is 40 years pursuant to 21 U.S.C. § 841(b)(1)(B).

Rosendary's *Apprendi* challenge fails for several reasons. The first and most critical reason is that Rosendary knowingly and voluntarily pled to the quantity of cocaine base that caused the applicable statutory maximum to be 40 years. If a jury had determined beyond a reasonable

doubt that Rosendary possessed a detectable amount of cocaine base and this Court had determined by a preponderance of the evidence that he possessed between 35 and 50 grams, the principles of *Apprendi* would be implicated. However, because Rosendary himself pled to this quantity with full knowledge that a 40–year statutory maximum sentence applied, this is not an *Apprendi* case. Numerous courts have held that *Apprendi* does not apply when a defendant enters a knowing and voluntary plea stipulating to the quantity considered by the sentencing court. *See, e.g., United States v. Harper,* 246 F.3d 520, 530–531 (6th Cir.2001); *United States v. Champion,* 234 F.3d 106, 109–110 (2nd Cir.2000); *United States v. Walker,* 228 F.3d 1276, 1278 n. 1 (11th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1408, 149 L.Ed.2d 350 (2001); *Panoke v. United States,* —— F.Supp.2d ——, No. Civ. 00–00548–ACK, 2001 WL 46941, at *5 (D.Hawai'i Jan.5, 2001). As stated by the Sixth Circuit:

> [the defendant], however, stipulated to the amount of drugs for which he was held responsible, and the district court did not rely on any fact outside of the plea agreement to determine drug quantity at sentencing. Therefore, the principles articulated in *Apprendi* are not implicated by the instant case, and [the defendant's] argument must fail.

*Harper,* 246 F.3d at 530–531 (internal citations omitted). Similarly, this Court relied exclusively on the plea agreement to determine drug quantity for purposes of sentencing.[2] Therefore, Rosendary's *Apprendi* argument is without merit.

A second reason that Rosendary's *Apprendi* argument fails is that even assuming that the 20–year statutory maximum for unspecified quantities is the applicable bar, the sentence actually imposed did not exceed this bar. The Third Circuit has held that the rule of *Apprendi* is inapplicable when the actual sentence imposed on a defendant does not exceed the lesser applicable statutory maximum:

> [d]espite the ambiguity in *Apprendi,* we hold that it does not apply to Williams' sentence for several reasons. First and foremost, though the District Court's finding regarding the amount of drugs substantially increased the possible statutory maximum sentence under 21 U.S.C. § 841(b)(1), we hold that *Apprendi* is not applicable to Williams' sentence, because the sentence actually imposed (seven years and one month) was well under the original statutory maximum of 20 years.

*United States v. Williams,* 235 F.3d 858, 863 (3d Cir.2000). Thus, assuming that the 20–year statutory maximum applies in this case, the sentence actually imposed on Rosendary (7 years and 4 months) is well below this maximum.

 Finally, a third reason that Rosendary's *Apprendi* challenge fails is that his conviction was final prior to the date the decision was rendered and the *Apprendi* rule is not retroactively applicable on ini-

---

2. In this respect, we note that this case is factually distinct from *United States v. Williams,* 235 F.3d 858, 863 (3d Cir.2000), discussed subsequently in this opinion. In our case, Rosendary stipulated to the 35–50 gram quantity that made the 40–year statutory maximum applicable, and his plea agreement specified that this 40–year statutory maximum applied. In Williams, however, the district court considered for sentencing purposes a quantity greater than that which the parties stipulated to and a statutory maximum greater than that specified in the plea agreement. See *Williams,* 235 F.3d at 861–862 (district court found that actual amount of drugs was 361 grams of heroin and 311.2 grams of cocaine and that the applicable statutory maximum was 40 years even though plea agreement stipulated that the quantity of heroin was 67.2 grams and advised that the applicable statutory maximum sentence was 20 years).

tial collateral review. In *Teague v. Lane*, 489 U.S. 288, 306, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court adopted Justice Harlan's view that "[g]iven the 'broad scope of constitutional issues cognizable on habeas,'... it is 'sounder, in adjudicating habeas petitions, generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of [habeas] cases on the basis of intervening changes in constitutional interpretation.'" (quoting *Mackey v. United States*, 401 U.S. 667, 689, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)). There are two exceptions to this rule: 1) a new rule will be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe;" and 2) a new rule will be applied retroactively if it requires the observance of "procedures that ... are implicit in the concept of ordered liberty." *Mackey*, 401 U.S. at 692–693, 91 S.Ct. 1160. In *O'Dell v. Netherland*, 521 U.S. 151, 156–157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997), the Supreme Court outlined a three-step process for conducting the *Teague* inquiry.

■ The first step under *O'Dell* is to determine whether the defendant's conviction was final at the time the new decision was rendered. *Id.* at 156, 117 S.Ct. 1969. If the conviction was not final, the defendant is automatically entitled to its benefit. In this case, however, Rosendary withdrew his direct appeal five days prior to the day *Apprendi* was rendered. *See* Appellant's Voluntary Dismissal of Appeal (certificate of service dated June 21, 2000). This withdrawal rendered his conviction final, and we therefore proceed to the second step. *See United States v. Shunk*, 113 F.3d 31, 35 (5th Cir.1997) ("[t]he Shunks' convictions became final in 1992, when they withdrew their direct appeal ...").

■ The second step is to determine whether a " 'state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.'" *O'Dell*, 521 U.S. at 156, 117 S.Ct. 1969 (quoting *Saffle v. Parks*, 494 U.S. 484, 488, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)). If a state court would not have felt so compelled, the rule is considered "new" and the defendant must show that one of the two *Teague* exceptions applies in order to obtain its benefit.

■ We find that *Apprendi* announced a new rule of criminal procedure. A rule is "new" if it was not dictated by precedent at the time the defendant's conviction became final. *O'Dell*, 521 U.S. at 156, 117 S.Ct. 1969. The rule of *Apprendi* is such a rule. It sets forth a specific fact-finding procedure that was not dictated by precedent when Rosendary's conviction became final. That the rule is new is illustrated by the fact that prior to *Apprendi*, every federal circuit court considered drug quantity to be a sentencing factor properly submitted to the judge and proved by a preponderance of the evidence. *United States v. Lewis*, 113 F.3d 487, 490 (3d Cir.1997), *cert. denied*, 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 816 (1998); *United States v. Sanders*, 247 F.3d 139, 147 (4th Cir.2001).

■ We therefore come to the third step under *O'Dell*. In this step, we must determine whether the *Apprendi* rule falls within either of the two exceptions set forth in *Teague*. It is clear to us that the rule does not fall within the first exception for new rules forbidding criminal punishment of specific primary conduct and rules prohibiting categories of punishment for specific defendants because of their status or offense. Plainly, the rule neither prohibits punishment for drug possession or

conspiracy to distribute drugs nor prohibits a specific category of punishment.

■ The second *Teague* exception is for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Graham v. Collins,* 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993). In order to fall within the exception, a new rule must meet two requirements: 1) infringement of the rule must seriously diminish the likelihood of obtaining an accurate conviction; and 2) the rule must "alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding." *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990). The Supreme Court has warned that this exception is meant to apply to only "a small core of rules" and that it is unlikely that "many such components of basic due process have yet to emerge." *O'Dell,* 521 U.S. at 157, 117 S.Ct. 1969; *Graham,* 506 U.S. at 478, 113 S.Ct. 892.

■ The *Apprendi* rule effectuates two changes: 1) it shifts fact-finding responsibility for those facts supporting a statutory sentencing enhancement from judge to jury; and 2) it requires these facts to be determined beyond a reasonable doubt as opposed to by a preponderance of the evidence. While these changes increase the general protection of criminal defendants, we find that they are not so fundamental as to fall within the second *Teague* exception. In situations where a defendant is charged with an unspecified amount of drugs but sentenced based on a quantity that increases the applicable statutory maximum, the *Apprendi* violation is the failure to submit the quantity element to the jury.[3] The Supreme Court has held

that a jury instruction which gives a proper reasonable doubt instruction but omits an element of the offense does not render a criminal trial fundamentally unfair, and that in such instances, the failure is subject to the plain error standard of review. *Johnson v. United States,* 520 U.S. 461, 468–469, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *Neder v. United States,* 527 U.S. 1, 11, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Moreover, the Third Circuit has applied the plain error standard of review to *Apprendi* challenges on direct review. *United States v. Butch,* 256 F.3d 171, 179 (3d Cir.2001); *see also United States v. Mack,* 229 F.3d 226, 234–235 & n. 12 (3d Cir. 2000). Although this fact is not controlling, it lends support to our finding.

Also, a comparison of the *Apprendi* rule to the rule announced in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), often cited as an example of a rule within the second *Teague* exception, is instructive. In *Gideon,* the Supreme Court held that a defendant has the right to be represented by counsel in all criminal trials. *Id.* We agree with the Fourth Circuit that the *Apprendi* rule is far less broad and less central to the fundamental fairness of criminal proceedings than the *Gideon* rule, and therefore is less likely a rule properly within the exception. *See Sanders,* 247 F.3d at 150.

■ Finally on this point, the "choice between retroactivity and non-retroactivity in no way turns on the value of the constitutional guarantee involved." *Johnson v. New Jersey,* 384 U.S. 719, 728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The importance of a new safeguard is to be evaluated against a backdrop of protections actually received by the defendant, and the fact

---

**3.** Although in this case, of course, this omission did not occur because Rosendary entered into a plea agreement and stipulated to quantity.

that application of a new safeguard might lead to a different result is alone insufficient to justify a finding of retroactivity. *Solem v. Stumes,* 465 U.S. 638, 644, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984); *Mackey v. United States,* 401 U.S. 667, 672–675, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971). In this case, we find that the lack of a jury finding under the reasonable doubt standard as to the single element of drug quantity does not call into question the accuracy of the conviction because Rosendary himself stipulated to the quantity. We also find that the rule does not fundamentally alter the understanding of the bedrock elements of a fair criminal trial. In light of all of the above findings, we conclude that Rosendary's *Apprendi* challenge is without merit.

### 2. Ineffective Assistance of Counsel

■ Rosendary's ineffective assistance of counsel claim is also predicated on the *Apprendi* rule. He asserts that counsel should have objected to his indictment under the *Apprendi* rule even though both parties executed the plea agreement and Rosendary was sentenced prior to the rendering of the decision. Petitioner's Brief at 5 ("If counsel would have investigated he would have found such errors in petitioner's indictment and objected inasmuch."). We disagree.

■ In evaluating ineffective assistance of counsel claims, we follow the Supreme Court's two-pronged test as set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This requires us to consider: 1) whether defense counsel's performance fell "below an objective standard of reasonableness," thus rendering the assistance so deficient that the attorney did not function as "counsel" as the Sixth Amendment guarantees; and 2) whether counsel's ineffectiveness prejudiced the defense such

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–688, 694, 104 S.Ct. 2052; *see also Flamer v. State of Delaware,* 68 F.3d 710, 727–728 (3d Cir. 1995), *cert. denied,* 464 U.S. 865, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983) and 474 U.S. 865, 106 S.Ct. 185, 88 L.Ed.2d 154 (1985).

Rosendary entered his plea on February 4, 2000 and was sentenced on May 15, 2000; *Apprendi* was rendered on June 26, 2000. Thus, Rosendary's argument is essentially that his defense counsel should have anticipated the *Apprendi* decision. We are unwilling to require Rosendary's attorney to have anticipated this change in the law. As noted above, prior to *Apprendi* every federal circuit court considered drug quantity to be a sentencing factor properly submitted to the judge and determined by a preponderance of the evidence. *United States v. Lewis,* 113 F.3d 487, 490 (3d Cir.1997), *cert. denied,* 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 816 (1998); *United States v. Sanders,* 247 F.3d 139, 147 (4th Cir.2001). Because of this fact, we do not find that counsel's failure to object to the "detectable amount" language in the indictment fell below an objective standard of reasonableness so as to be deficient under the first *Strickland* prong. Furthermore, any such omission could not have been prejudicial under the second *Strickland* prong because there is no chance that the outcome of Rosendary's sentence would have been different had his defense counsel objected to the indictment; *Apprendi* was not law at the time of Rosendary's plea or sentencing and furthermore, Rosendary stipulated to quantity. Numerous other courts have held that ineffective assistance of counsel claims based on *Apprendi* are without merit in instances where defense counsel adhered to those procedures that were standard at the time

of the relevant proceeding. *United States v. Goode,* 143 F.Supp.2d 817, 826 (E.D.Mich.2001); *Robinson v. United States,* 129 F.Supp.2d 627, 631–32 (S.D.N.Y.2001); *Ware v. United States,* 124 F.Supp.2d 590, 592, 602 (M.D.Tenn. 2000); *United States v. Johnson,* 126 F.Supp.2d 1222, 1225 n. 3 (D.Neb.2000). Accordingly, we find that Rosendary did not receive ineffective assistance of counsel based upon counsel's failure to object to the indictment.

## IV. CONCLUSION

For the foregoing reasons, we find that Rosendary's petition, the case file and the briefs conclusively demonstrate that he is not entitled to relief and that no evidentiary hearing is required. Rosendary's petition for relief under 28 U.S.C. § 2255 will therefore be denied.

## ORDER

AND NOW, this __ day of July, 2001, for the reasons stated in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Rosendary's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 39] pursuant to 28 U.S.C. § 2255 is DENIED and said motion is hereby DISMISSED.