**UNITED STATES of America, Plaintiff**

v.

**Julius John PINKSTON, Defendant.**

**No. CRIM. 1:CR–89–214–01.**
**No. CIV. A. 1:CV–01–188.**

United States District Court,
M.D. Pennsylvania.

July 17, 2001.

K. Daniel, AUSA, Harrisburg, PA, for U.S.

Charles B. Merrill, Swainsboro, GA, for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

In July 1992, after he pled guilty to conspiring to distribute cocaine in violation of 18 U.S.C. § 846, this court sentenced the defendant, Julius John Pinkston, to 248 months in prison, later reduced to 198 months for substantial assistance in the prosecution of a codefendant.

Pinkston has filed a pro se motion under 28 U.S.C. § 2255 to vacate his conviction and sentence, his first attempt at such postconviction relief. It is based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1]

The motion presents the following grounds. First, the Defendant's guilty plea was not knowing and intelligent because the indictment did not charge him with being an organizer or a leader in the conspiracy, a factor used to increase his sentence under U.S.S.G. § 3B1.1, thus leaving him ignorant of an element of the offense at the time of his plea. Second, the indictment was also defective because it failed to mention a drug quantity. Third, the drug quantity was determined by the court at a sentencing hearing by the preponderance of the evidence rather than by a jury using the reasonable-doubt standard. Fourth, section 841 is unconstitutional on its face. In addition to the *Apprendi* claims, the Defendant also seems to attack the section 3B1.1 enhancement on the merits.

We will deny the motion because, as the government argues, it is time-barred. We also believe that, even if we did reach the *Apprendi* claims, we could not grant relief because *Apprendi* does not apply retroactively in collateral proceedings and because Pinkston stipulated to a drug quantity that under Third Circuit law defeats his *Apprendi* claims.

### II. *Background.*

In November 1989, the Defendant and co-defendants were indicted under 21 U.S.C. § 846 for conspiracy to distribute thirty kilograms of cocaine. They were also charged with four counts of the substantive offense of distributing cocaine in violation of 21 U.S.C. § 841(a)(1).

In April 1992, Pinkston executed a written plea agreement.[2] He agreed to plead guilty to the conspiracy count. He also

---

1. In *Apprendi,* the Supreme Court held that due process and the Sixth Amendment right to trial by jury require that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

2. Pinkston had evaded authorities until his arrest in June 1991 for his involvement in a drug-distribution ring in the Eastern District of Virginia. Presentence report at ¶ 12. In December 1991, Pinkston was sentenced in the Eastern District of Virginia to 240 months for conducting a continuing criminal enterprise for his part in supplying the cocaine to the ring. *Id.* at ¶ 26.

stipulated that his personal involvement in the conspiracy "was no less than 15 kilos and no more than 20 kilos of cocaine." Plea agreement at ¶ 2. The Defendant then pled guilty. The presentence report used the stipulated drug quantity to set the base offense level. Presentence report at ¶ 16. It also concluded that Pinkston should receive a four-point enhancement under U.S.S.G. § 3B1.1 for being an organizer or leader. *Id.* at ¶ 18. The Defendant objected to the four-point enhancement. On July 1, 1992, he was sentenced to 248 months imprisonment, with the court accepting the factual findings and guideline application in the presentence report.

The Defendant took no direct appeal. On June 22, 1993, the court reduced the sentence to 198 months pursuant to the government's motion under Fed.R.Crim.P. 35(b) for substantial assistance. The Defendant then moved for reconsideration seeking a further reduction which we denied on October 15, 1993.

On November 9, 1998, Pinkston again moved for a downward departure based on information he had allegedly supplied to federal authorities in Michigan. On December 16, 1998, we denied the motion, ruling that we had no authority to reduce a sentence on a defendant's motion. On March 1, 1999, we denied a motion to reconsider that order. On July 30, 1999, the Third Circuit dismissed Pinkston's appeal because it was untimely filed.

On January 30, 2001, the Defendant filed the current 2255 motion, raising claims based on *Apprendi*.

III. *Discussion.*

A. *The Statute of Limitations.*

■ The government argues that the motion is barred by the one-year statute of limitations in the sixth paragraph of 28 U.S.C. § 2255. That paragraph provides for a one-year period of limitations for filing a 2255 motion and, in pertinent part, provides that the limitations period:

shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

.    .    .    .    .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

The government argues that under either of these provisions the motion is time-barred. As to subsection (1), Pinkston's conviction became final in July 1992 after he failed to take a direct appeal of his conviction. Under *Burns v. Morton,* 134 F.3d 109, 111–12 (3d Cir.1998), since the Defendant's conviction became final before enactment of the one-year limitations period on April 24, 1996, Pinkston had until April 23, 1997, to file a 2255 motion. Thus, the government maintains that the filing on January 30, 2001, is untimely under subsection (1).

As to subsection (3), the government argues that it does not create a new limitations period for the Defendant because *Apprendi* does not apply retroactively to cases on collateral review, citing *United States v. Sanders,* 247 F.3d 139 (4th Cir. 2001). In *Sanders,* the Fourth Circuit held that subsection (3) could not save a defendant's 2255 motion based on *Apprendi* principles from being time-barred because *Apprendi* could not be applied retroactively.

In opposition, the Defendant asserts that his 2255 motion is timely under subsection (3) because *Apprendi* does apply retroactively to cases on collateral review,

as concluded in, among other cases he cites, *Jackson v. United States*, 129 F.Supp.2d 1053 (E.D.Mich.2000), and *United States v. Murphy*, 109 F.Supp.2d 1059 (D.Minn.2000). Thus, his motion is not time-barred because it was filed within one year of June 26, 2000, the date *Apprendi* was decided.

As the court sees the limitations issue, the motion is time-barred if only subsection (1) applies. The conviction was final in July 1992 and under *Burns* the January 2001 filing date is obviously too late, coming long after the April 23, 1997, deadline for defendants whose convictions had become final before enactment of the one-year limitations period. Thus, the Defendant's only hope is if he can invoke subsection (3).

In the court's view, that subsection would apply here only if there had been a previous ruling either from the Supreme Court or the Third Circuit that *Apprendi* applied retroactively. *See United States v. Lloyd*, 188 F.3d 184, 187–88 (3d Cir.1999). We do not read *Lloyd* as permitting us to make that determination on our own. *Compare Jackson, supra*, 129 F.Supp.2d at 1057–58 (previous ruling by another district court that *Apprendi* applied retroactively rendered motion timely under subsection (3)). Since neither the Supreme Court nor the Third Circuit has decided that *Apprendi* applies retroactively, sub-

section (3) does not apply and the motion is barred by subsection (1).[3]

Even if we could reach the retroactivity issue, we would decide that *Apprendi* does not apply retroactively to cases on collateral review, thus leading to the conclusion that the motion is time-barred.

As the above description of the parties' positions makes clear, the courts have disagreed about *Apprendi*'s retroactivity. As the Defendant notes, both *Jackson, supra,* and *Murphy, supra,* have ruled that *Apprendi* applies retroactively. These two district courts have been joined by *United States v. Hernandez*, 137 F.Supp.2d 919, 932 (N.D.Ohio 2001); *Parise v. United States*, 135 F.Supp.2d 345 (D.Conn.2001); and *Darity v. United States*, 124 F.Supp.2d 355 (W.D.N.C.2000). Other courts have ruled otherwise. Thus, in *Sanders, supra,* the case the government cites, the Fourth Circuit held that *Apprendi* is not retroactive to cases on collateral review. That court has been joined by the Eighth Circuit in *United States v. Moss*, 252 F.3d 993 (8th Cir.2001), and by the Ninth Circuit in *Jones v. Smith*, 231 F.3d 1227, 1237–38 (9th Cir.2000), at least when the claim is that an element of the offense was left out of the indictment. Also, numerous district courts have held that *Apprendi* is not retroactive. *See, e.g., United States v. Rosendary*, 152 F.Supp.2d 835 (W.D.Pa.2001); *Vazquez v. United States*, 147 F.Supp.2d 55 (D.P.R.2001) (collecting

---

**3.** We note that *Tyler v. Cain*, —— U.S. ——, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), does not affect our analysis. That case interpreted 28 U.S.C. § 2244(b)(2)(A), a similarly worded statutory section to subsection (3) but which nonetheless is materially different. Section 2244(b)(2)(A) deals with one of the conditions authorizing a second or successive 2255 motion. It requires that the claim being asserted "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable ..." In *Tyler*, the Supreme Court held that this section required that there be a Supreme Court precedent making the rule retroactive to cases on collateral review before it may be invoked for permission to file a second or successive 2255 motion. However, unlike the statutory language at issue in *Tyler*, subsection (3) is silent as to which court must make the declaration of retroactivity. Thus, *Tyler* would not control. *See generally United States v. Lopez*, 248 F.3d 427, 431–32 (5th Cir.2001).

cases); *United States v. McNairy*, 2001 WL 649684 (N.D.Tex.)(collecting cases).

After review of the cases on both sides, we agree with the majority that *Apprendi*, as a new rule of constitutional procedure, is not retroactive to cases on collateral review under the test set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Thus, the *Apprendi* claims are time-barred.[4]

B. *The Merits of the Apprendi Claims.*

■ Finally, even if we were to address the Defendant's *Apprendi* claims directly, they have no merit. To begin with, even absent the limitations bar, our conclusion that *Apprendi* does not apply retroactively on collateral review would preclude consideration of the *Apprendi* claims on the merits. Next, *Apprendi* does not apply to a sentence calculated by the court under the federal sentencing guidelines when the sentence does not exceed a statutory maximum sentence based on the amount of cocaine the defendant stipulates was involved in his offense. *See United States v. Williams*, 235 F.3d 858 (3d Cir.2000), *petition for cert. filed*, 69 USLW 3763 (U.S. May 21, 2001)(No. 00–1771).

In the instant case, the Defendant stipulated that his cocaine quantity was no less than 15 kilograms and no more than 20 kilograms. Under 21 U.S.C. § 841(b)(1)(B), this stipulation subjected him to a statutory maximum sentence of forty years. His sentence of 248 months (twenty years and eight months), later reduced to 198 months, is within this statutory maximum and thus did not violate *Apprendi*, *id.* at 861–62; *United States v. Harper*, 246 F.3d 520 (6th Cir.2001), even if the sentence was enhanced by a finding that the Defen-

dant was a leader or organizer of the conspiracy. *Harper*, 246 F.3d at 531 n. 7.

We also note that other courts of appeals have relied on similar drug-quantity stipulations to reject *Apprendi* claims on direct review using a plain-error standard. *See United States v. Duarte*, 246 F.3d 56, 62 (1st Cir.2001); *United States v. Gallego*, 247 F.3d 1191, 1198 (11th Cir.2001). We see no reason for a different result when the *Apprendi* claims are raised postconviction. *Cf. Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1737–38, 52 L.Ed.2d 203, 212 (1977) (collateral review of a state court's erroneous jury instruction is more stringent than plain-error review in a direct appeal).

We will issue an appropriate order.

### ORDER

AND NOW, this 17th day of July, 2001, it is ordered that:

1. The motion (doc. 101) under 28 U.S.C. § 2255 is denied.

2. A certificate of appealability is denied.

3. The Clerk of Court shall close this file.

---

4. To the extent that Pinkston is making a claim that the enhancement for being a leader or organizer should not have been made subsection (1) bars that claim.