

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2004

# USA v. Allen

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2767

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Allen" (2004). *2004 Decisions.* Paper 40.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/40

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2767
_____

UNITED STATES OF AMERICA

v.

AMY ALLEN,
            *Appellant*


_____


On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 02-cr-00166)
District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2004
Before: NYGAARD, ROSENN and BECKER, *Circuit Judges*


(Filed December 23, 2004)


_____

OPINION
_____


BECKER, *Circuit Judge.*

This is an appeal by Amy Allen from a judgment in a criminal case following a trial by a jury which convicted her of six counts of mail fraud and one count of wire fraud.[1] Allen was sentenced to five months' imprisonment, and five months of home detention (Allen has served that sentence), plus restitution in the sum of $14,123.52.

Allen's counsel has filed a brief in which he has stated, *inter alia*, "This is an Anders brief submitted in support of counsel's request to withdraw due to his professional judgment that there are no grounds of merit for an appeal by the Appellant, Amy Allen." After thorough examination of the record, we agree with counsel that there are no non-frivolous issues to raise on appeal. Although Allen filed a brief signed by her brother Joel D. Allen, after thorough examination of the record, we are constrained to agree with counsel that there are no non-frivolous issues for review.[2]

The short of it is that the evidence against Allen is overwhelming. It showed that

---

[1]More specifically, Allen was convicted of causing the use of the mail in the unauthorized ordering of computer accessories, a desk and chair, clothing, a saddle bag, spurs, reins, and heaters (Count 4); two computer systems, computer accessories, clothing, and jewelry (Count 5); clothing, jewelry, and computer disks (Count 6); a washing machine, computer accessories, clothing, and decorative items (Count 7); computer accessories, a facsimile machine, clothing, and flashing lights (Count 8); and a computer system (Count 10). She was also convicted of causing the transmittal of a wire communication in the ordering of lighting equipment.

[2] In her informal brief, Allen alleges ineffective assistance of counsel. However, "it is well-established that ineffective assistance of counsel claims are generally not entertained on a direct appeal." *United States v. Thomas*, 389 F.3d 424, 429 (3d Cir. 2004); *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). Rather, "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." *Id.*; *United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989).

Allen requested and eventually received at her home personal items ordered off-contract – a computer, a desk with a hutch and a chair, a second computer, a printer, a heater, and a washing machine, and that she did not personally pay for any of the items she received. Many of these items were recovered from her home. Moreover, when it became known that the Mounted Unit was being investigated by the Police Department's IMPACT Division, Allen agreed to "get rid of" the computer and washing machine she had ordered, and law enforcement officials recovered two computers that Allen received under the scheme from the home of Allen's relatives in California. As to her argument that she was prejudiced by a joint trial with a co-defendant, Allen never raised any objection to having her case tried together with co-defendant Evans, nor did she move for severance at any point. This argument is palpably without merit.

Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Marvin*, 211 F.3d 778 (3d Cir. 1999). We are satisfied that counsel has fulfilled his *Anders* obligations. The judgment of the District Court will be affirmed.[3]

---

[3]We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b)(2000).