

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4447

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Thomas" (2005). *2005 Decisions.* Paper 814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-4447

———

UNITED STATES OF AMERICA

v.

MARSHAUN THOMAS
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cr-00058-1)
District Judge: Honorable Katharine S. Hayden

———

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2004

Decided November 26, 2004

On Remand from the Supreme Court
of the United States June 20, 2005

Before: SLOVITER, VAN ANTWERPEN, and COWEN, Circuit Judges.

(Filed:  July 20, 2005)

———

OPINION

SLOVITER, Circuit Judge.

This matter is before us on remand by the United States Supreme Court. This court, by way of an opinion filed November 26, 2004, affirmed Marshaun Thomas' judgment of conviction for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and his sentence of 360 months incarceration (less time served in state custody). United States v. Thomas, 389 F.3d 424 (3d Cir. 2004). In so doing, we rejected Thomas' argument that he was entitled to withdraw his guilty plea because of several alleged defects with his Fed. R. Crim. P. 11 colloquy. Id. at 428-29. We further rejected his contention that the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), rendered his sentence unconstitutional. 389 F.3d at 428. Finally, relying on, inter alia, United States v. Theodoropoulos, 866 F.2d 587 (3d Cir. 1989), we denied Thomas' claim of ineffective assistance of trial counsel without prejudice to his "right to raise the issue in an appropriate collateral proceeding." Thomas, 389 F.3d at 429.

On June 20, 2005, the Supreme Court granted Thomas' subsequent petition for a writ of certiorari, vacated the judgment of this court, and remanded the case for further consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). United States v. Thomas, __ U.S. __, 125 S. Ct. 2953 (2005) (mem.). Thus, upon further consideration as directed by the Supreme Court, we reaffirm all portions of our prior decision with respect to Thomas' conviction, guilty plea, and claim of ineffective

2

assistance of counsel, including our discussion of the facts admitted by the defendant, and incorporate by reference herein those portions of our prior opinion. On the other hand, having determined that the sentencing issues Thomas has raised are, in light of Booker, best addressed by the District Court in the first instance, see generally United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc), we will vacate that portion of our judgment that affirmed the judgment of sentence and remand to the District Court for resentencing. Compare with United States v. Agnew, 407 F.3d 193, 195 (3d Cir. 2005) ("In vacating the judgment, the Supreme Court did not indicate any disagreement with our analysis wherein we affirmed Agnew's conviction. [Thus], we will again affirm the conviction . . . [h]owever, having concluded that the sentencing issues based on Booker are best determined by the District Court in the first instance, we will vacate the sentence and remand. . . .").

For the foregoing reasons, we will reaffirm Thomas' conviction, reaffirm our denial of his ineffective assistance of counsel claim without prejudice, vacate his sentence, and remand to the District Court for resentencing in accordance with Booker.