

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2009

# USA v. Bailey

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Bailey" (2009). *2009 Decisions*. Paper 1874.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1874

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2480
_____

UNITED STATES OF AMERICA

v.

ELLERI BAILEY,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00619-3)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:  RENDELL and ROTH, <u>Circuit</u> <u>Judges</u> and
HAYDEN, <u>District</u> <u>Judge</u>*

(Filed:  February 12, 2009)

_____

OPINION OF THE COURT

_____

_____

*Honorable Katharine S. Hayden, District Judge for the District of New Jersey
(Newark), sitting by designation.

RENDELL, Circuit Judge.

Elleri Bailey pled guilty to one count of distributing a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. The District Court found that Bailey had two prior convictions for controlled substances offenses, thereby qualifying him as a career offender pursuant to U.S.S.G. § 4B1.2(b). The guideline range was 188 to 235 months. The District Court sentenced Bailey to 188 months in prison followed by a six year term of supervised release, a fine of $2,000.00, and several other conditions. He filed a timely appeal. Bailey's counsel has filed a brief requesting permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because after a conscientious review of the record, he is unable to discern any non-frivolous issues for appeal. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

In assessing an *Anders* brief, we must determine: 1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and 2) whether an independent review of the record presents any non-frivolous issues. *United States v. Thomas*, 389 F.3d 424, 425 (3d Cir. 2004) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)). If the *Anders* brief appears adequate on its face, we review only the portions of the record identified in the brief and any issues raised by an appellant in a *pro se* brief. *See Youla*, 241 F.3d at 300. We find that counsel's *Anders* brief is adequate and, as Bailey has not filed a *pro se* brief, it will

2

guide our independent review of the record.

Pursuant to his obligation, counsel has identified a single potential issue to support an appeal: whether the District Court erred by not granting a variance below the guideline range based on the length of time that has elapsed from Bailey's commission of the crimes that led to his career offender status and his positive works in the community since then. We review the District Court's sentence for reasonableness under an abuse of discretion standard. *See Gall v. United States*, 128 S. Ct. 586 (2007). During the sentencing proceeding, Bailey's counsel argued that the District Court should impose a sentence below the guideline range because the career offender enhancement was supported by convictions which occurred fifteen years before the defendant committed the instant offense and did not adequately reflect Bailey's history and character. Counsel presented substantial evidence of Bailey's volunteer activities, particularly coaching football and basketball in an at-risk youth athletics program, arguing to the District Court that it supported a sentence lower than the guideline range.

Counsel has submitted that this argument must fail because the District Court imposed a sentence within the guideline range, taking into account Bailey's past criminal history and other factors required by 18 U.S.C. § 3553(a). We agree. The District Court addressed both aspects of this argument in its comments at the time of sentencing, concluding that:

> [One hundred and eighty-eight months' imprisonment] happens to be
> the guideline range, but the low end of it, and what I have done to choose that

3

is to determine past criminal conduct, as well as trying to predict ongoing and future criminal conduct, and the best predictors are the past.

I also have used all of the information presented as to Mr. Bailey's ability to touch others and inform them of hope in their lives, to put you at the lowest end that I could of the guidelines, not that I am bound by the guidelines, but I think the term is the right one for your history and for your conduct, Mr. Bailey.

(App. R-134-35). The District Court's refusal to impose a sentence lower than the guideline range was reasonable, and would not support an appeal.

Our independent review of the record yields no other non-frivolous arguments that could support an appeal and we are satisfied that the requirements of *Anders* have been met. Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw.