

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# USA v. Ellison

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1903

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ellison" (2009). *2009 Decisions*. Paper 1839.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1839

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1903

_____


UNITED STATES OF AMERICA

v.

LARRY ELLISON,

Appellant

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00619-5)
District Judge: Honorable Cynthia M. Rufe

_____


Submitted Under Third Circuit LAR 34.1(a)
on February 6, 2009

Before: RENDELL and ROTH,  Circuit Judges,
and HAYDEN,* District Judge.

(Filed:  February 23, 2009)
_____


OPINION OF THE COURT

_____


_____

* Honorable Katharine S. Hayden, Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

On June 9, 2006, Larry Ellison entered an open guilty plea to two counts of knowingly and intentionally distributing cocaine base (crack) in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(C).  The government presented the factual basis for the plea at the sentencing hearing, asserting that Ellison had sold crack cocaine to an undercover officer on two occasions.  The DEA lab determined that Ellison sold 0.65 grams of crack on the first occasion and 2.4 grams of crack on the second.  Ellison agreed that he had committed these acts.  The Probation Office concluded, in assessing Ellison's base offense level under the sentencing guidelines, that Ellison had been responsible for distributing 3.05 grams of crack.

The District Court sentenced Ellison to 46 months' incarceration on each count, to be served concurrently, three years of supervised release, a fine of $1,200.00 and a special assessment of $200.00.  Ellison timely filed a *pro se* appeal.  Ellison's counsel has filed a brief requesting permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he is unable to find any non-frivolous issues for appeal after a conscientious review of the record.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

In assessing an *Anders* brief, we must determine:  1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and 2) whether an independent review of the record presents any

non-frivolous issues. *United States v. Thomas*, 389 F.3d 424, 425 (3d Cir. 2004) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)). If the *Anders* brief appears adequate on its face, we review only the portions of the record identified in the brief and any issues raised by an appellant in a *pro se* brief. *See Youla*, 241 F.3d at 300. We find that counsel's *Anders* brief is adequate and, as Ellison has not filed a *pro se* brief, it will guide our independent review of the record.

Ellison's unconditional guilty plea to two counts limits the availability of appellate relief to claims: 1) that the court lacked jurisdiction to accept the plea; 2) that the plea is invalid under applicable statutory and constitutional standards; and 3) that the sentence is illegal. *See United States v. Broce*, 488 U.S. 563 (1989). None of these categories of unwaived claims applies here. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and a review of the plea colloquy establishes that Ellison's guilty plea was voluntary and knowing in compliance with Fed. R. Crim. P. 11 and *Boykin v. Alabama*, 395 U.S. 238 (1969). Furthermore, a review of the sentencing hearing transcript demonstrates that the District Court complied with the requirements of Fed. R. Crim. P. 32 applicable in Ellison's case.

Counsel identified one other potential issue: Ellison's allegation that his trial counsel was ineffective. Counsel, through his correspondence with Ellison, states that Ellison believes that his trial counsel was ineffective because he did not request that the drugs at issue in his guilty plea be weighed independently. We should not entertain

3

ineffective assistance of counsel claims on direct appeal, as the proper avenue for such claims is through a collateral proceeding in which the factual basis for the claim may be developed. *See United States v. Thomas*, 389 F.3d 424, 429 (3d Cir. 2004). We shall defer ineffective assistance of counsel claims to a collateral attack unless the record is sufficient for us to address the claim on direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). Here, the record is insufficient in this regard. Accordingly, a review of Ellison's dissatisfaction with counsel is inappropriate on direct appeal.

Lastly, in its brief, the Government observes that Ellison additionally might have raised an argument that his case should be remanded for resentencing because a November 2007 amendment to the sentencing guidelines reduced the offense levels for crack, noting, however, that this argument must fail. We agree. The sentencing guidelines provide that the court must use the Guidelines Manual in effect on the date that the defendant is sentenced, unless doing so would violate the *ex post facto* clause of the Constitution. *See* U.S.S.G. § 1B1.11. Ellison's base offense level would have dropped from 22 to 20 under the November 2007 amendment to section 2D1.1(c)(9), and applying the same 3-level reduction, the appropriate guideline range would have been 37-46 months, rather than the guideline range of 46-57 that the District Court applied pursuant to the 2006 guidelines. We conclude, however, that the District Court correctly applied the 2006 guidelines. Furthermore, the District Court emphatically stated that it recognized that the sentencing guidelines were merely advisory and it had based its

4

decision heavily on an assessment of the "forty-seven years of [the defendant's] life." (App. 120). For the above reasons, this argument would not support an appeal or a remand.

Our independent review of the record yields no other non-frivolous arguments that could support an appeal and we are satisfied that the requirements of *Anders* have been met. Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw.

_____