OPINION OF THE COURT
RENDELL, Circuit Judge.
Anthony Mims, Jr., pled guilty to one count of distribution and intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The District Court sentenced Mims to 106 months’ imprisonment. A third count against Mims, possession of a firearm by a previously convicted felon, was dismissed pursuant to a plea agreement with the government.
At the plea hearing, the District Court notified Mims of the rights he would waive by pleading guilty, the nature of the charges against him, the maximum penalties for those offenses, and the existence and advisory nature of the Sentencing Guidelines. The government reviewed the factual basis of the plea, and Mims agreed that he had committed the offenses. The District Court accepted Mims’s plea and found that the defendant knowingly and voluntarily entered the plea, and that the plea had a basis in fact.
At his sentencing hearing, Mims argued for a sentence below the Guidelines range. Mims’s crack distribution count carried a Guidelines range of 46-57 months and the firearm possession count carried a mandatory minimum sentence of 60 months. The District Court denied Mims’s request and sentenced him to 106 months, which reflected a bottom-of-the-Guidelines sentence for the distribution count plus the mandatory minimum sentence for the possession count. Despite the advice of his *158 trial counsel, Mims filed a pro se appeal. Mims’s counsel has filed a brief requesting permission to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he is unable to find any non-frivolous issues for appeal after a conscientious review of the record. Mims has not filed a pro se brief. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.
In assessing an Anders brief, we must determine whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous, and whether an independent review of the record presents any non-frivolous issues. United States v. Thomas, 389 F.3d 424, 425 (3d Cir.2004) (citing United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001)). If the Anders brief appears adequate on its face, we review only the portions of the record identified in the brief and any issues raised by an appellant in a pro se brief. See Youla, 241 F.3d at 300. We find that counsel’s Anders brief is adequate and, since Mims has not filed a pro se brief, it will guide our independent review of the record.
Mims’s unconditional guilty plea to the possession and distribution counts limits the availability of appellate relief to the following claims: first, that the District Court lacked jurisdiction to enter the conviction and impose sentence on Mims; second, that the guilty plea was invalid under applicable statutory and constitutional standards; and third, that the sentence was illegal and unreasonable. See United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); United States v. Cooper, 437 F.3d 324 (3d Cir. 2006); 18 U.S.C. § 3742(a). We conclude that none of the issues merit appeal. Mims pled guilty to a violation of the laws of the United States for offenses occurring in the Middle District of Pennsylvania. Hence, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Likewise, our review of the plea colloquy establishes that Mims’s guilty plea was voluntary and knowing and in compliance with statutory and constitutional norms. Finally, the District Court imposed a sentence at the bottom of the Guidelines that was both procedurally sound and substantively reasonable.
Our independent review of the record yields no other non-frivolous arguments that could support an appeal and we are satisfied that the requirements of Anders have been met.
Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, grant counsel’s motion to withdraw.