NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1557
_____

UNITED STATES OF AMERICA

v.

JAMIE CARDENAS BORBON,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00199-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2011

Before:  RENDELL, SMITH and ROTH, Circuit Judges.

(Opinion Filed: August 10, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

    Cardenas Borbon ("Borbon") appeals from the jury's verdict of guilty on two

counts as part of the trial of Borbon and three others for their role in a large scale drug

conspiracy, and the resulting sentence imposed by the District Court.

Borbon was implicated in a drug distribution conspiracy in which an individual he knew as Juan assisted an informant named Mario Comacho in receiving a large quantity of cocaine in Virginia, then re-locating it to Lancaster, Pennsylvania. Agents observed the two men meet with Borbon in the parking lot of the Westfield Inn in Lancaster. Comacho and Juan rented Room #163, and Borbon and his female companion rented Room #147. The agents observed Juan carrying black duffels into his room and all three men were observed frequenting Room #163. The agents proceeded to obtain a search warrant for Room #163 and recovered 40 kilograms of cocaine from two large black duffels, and arrested the three men. Borbon's female companion then consented to a search of Room #147, where agents discovered $182,000.

At trial, a leader in the conspiracy, Amauris Sanchez, testified against Borbon, as did Camacho, recounting drug deliveries and money collections in which Borbon was involved.

Borbon was convicted and sentenced by the District Court to the minimum guidelines sentence of 292 months. Borbon challenges both his conviction and sentence.[1]

Borbon's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) identifying five possible issues on appeal, challenging:

1. The District Court's adoption of a procedure allowing informants to testify directly from English translations of wiretaps and recorded conversations

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. §3231 and our jurisdiction is based on 28 U.S.C. §1291 and 18 U.S.C. §3742(a).

rather than first establishing that the informant had an independent recollection of the events.

2. The District Court's permitting the introduction of coconspirator statements made in furtherance of the conspiracy without establishing by independent evidence that Borbon participated in the conspiracy.

3. The sufficiency of the evidence that Borbon was responsible for distribution of at least 50 but not less than 150 kilograms of cocaine; and that pursuant to U.S.S.G. §3B1.1(a), Borbon should receive a 4-level leadership enhancement.

4. The sufficiency of the evidence for Borbon's convictions for conspiracy to distribute and possession with intent to distribute 5 kilograms and more of cocaine hydrochloride.

5. The legality of the search of Room #147 and subsequent seizure of $182,000 in drug proceeds.

Counsel has also filed a motion to withdraw.

Borbon filed a pro se brief raising several additional arguments, all relating to his sentence.[2]

In assessing an Anders brief, we must determine: 1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and 2) whether an independent review of the record presents any non-frivolous issues. United States v. Thomas, 389 F.3d 424, 425 (3d Cir. 2004); United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If the Anders brief appears adequate, we will confine our scrutiny to the portions of the record identified in appellant's pro se brief and counsel's Anders brief. *See* Youla, 241 F.3d at 301. Our independent review of those portions of the record addressing issues raised by the Anders and pro se brief reveal no non-frivolous arguments.

We agree with counsel that it would be frivolous to urge that the District Court abused its discretion by admitting the translated transcripts of the recorded conversations

---

[2] Borbon raises the following issues:
  1. Under Booker, certain provisions of §3553(f) should be severed from the statute, and therefore the District Court erred in determining that petitioner was not eligible for "safety valve" relief.
  2. Whether appellant's sentence was subject to review under the "reasonableness" standard (including "whether the court erred in its upward decisions under 4A1.3").
  3. Summary of the argument (including argument that (1) his sentence, that gives exceptional weight to Guidelines calculation violates the Eighth Amendment and (2) his sentence is grossly disproportionate and violates Nelson v. U.S.
  4. Whether the District Court lost the power to sustain the subject matter jurisdiction of the presentencing investigation report which contains constitutional errors based on recent Supreme Court's line of rulings requiring resentencing.
  5. Whether the District Court erred under the Fifth Amendment pursuant to 21 U.S.C. § 841(b)(1)(A) because the grand jury failed to find a drug quantity that would trigger the provision.

or the coconspirator statements because the Court correctly applied our decision in <u>U.S. v. Starks</u>, 515 F.2d 1, 2 (3d Cir. 1975) as well as Rule 801(d)(2)(E) of the Federal Rules of Evidence. The attack on the drug quantity calculation and the sufficiency of the evidence would clearly fail in light of the clear testimony of Sanchez and Camacho regarding the seizure of the drugs and money. The Fourth Amendment challenge would necessarily fail based on the uncontested consent of Borbon's female companion. Borbon's variety of attacks on his sentence are frivolous as they lack any legal support whatsoever.

Thus, issues raised by Borbon and his counsel are patently without merit and, through our own independent review, we can identify no other non-frivolous arguments. Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw.